Filed Oct. 30, 1885.

---

No. 12,249.

## HERRMAN v. BABCOCK ET AL.

| 103 | 461 |
| 158 | 540 |

LEASE.—*Contract to Sell at Expiration of Term.—Specific Performance.—Mutuality.—Equity.*—A complaint by H. alleged that on a certain date B., the defendant, leased to him certain real estate for the term of five years, with the agreement in the lease that B. would sell and convey by warranty deed, and H. should have the right to buy such real estate at the expiration of such lease, the price to be fixed by three appraisers, one to be chosen by each, and the third by the two so chosen; that under such contract H. took possession and in good faith placed valuable improvements on the property which could not be removed without total loss; that at the expiration of such lease H. notified B. of his election to buy such real estate, selected his appraiser, and in all respects was ready to

comply with the contract on his part, but B. wholly refused 'to comply with the same. Prayer for specific performance, etc.

*Held*, that the complaint states a case for equitable relief, and is good on demurrer.

From the Vanderburgh Superior Court.

*C. L. Wedding*, for appellant.

*J. S. Buchanan* and *C. Buchanan*, for appellees.

Howk, J.—In this case the appellees separately demurred to the appellant's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The demurrers were sustained by the court, and the appellant having failed to amend or plead further, judgment was rendered against him for appellees' costs.

The plaintiff has appealed to this court, and has here assigned as error the decision of the superior court in sustaining the separate demurrer of the appellee Elisha S. Babcock, Jr., to his complaint.

The appellant alleged in his complaint that on the 31st day of July, 1879, the appellee leased to appellant lots numbered 1 and 2, in block No. 146, in that part of the city of Evansville known as Lamasco, Indiana, for the term of five years; that, as part of such lease and contract, it was specially agreed that the appellee would sell and convey by warranty deed, and the appellant should have the right to buy, the above described real estate, at the expiration of such lease, the price to be fixed by three committeemen, one to be chosen by appellees, one by appellant, and a third by the two first chosen, as fully set out in such lease, a copy of which was filed with and made a part of such complaint; that, under such contract, appellant took possession of such real estate, and, relying upon appellee's performing his contract in good faith, had placed during the continuance of such lease houses, mills, machinery and other lasting and valuable improvements on such lots, of the value of $3,000; and that such improvements can not be removed without becoming a total loss, and

by his failure to secure such real estate appellant would sustain great and irreparable loss and damage; that at the expiration of such lease, and often since, appellant notified appellee of his election to take such real estate, selected Henry S. Bennett, a competent and disinterested appraiser, and asked appellee to select his appraiser, which appellee then and since had refused to do, or to comply in any manner with his contract; that appellant had been then and since, and still was, ready to carry out such contract and to pay such amount as should be fixed; that appellant had fully kept and performed all the conditions of such lease and contract upon his part, and the appellee had failed to agree, as to the price to be paid for such real estate, with the appellant; but the appellees had at all times refused to select an appraiser, or carry out in any manner his contract for the sale of such real estate.

Wherefore appellant asked for a specific performance of such contract; that the appellees be required to select their appraiser, and that the appraisers chosen select a third, and the appraisement be made; and that the appellees be ordered and required to execute and deliver to appellant a good and sufficient warranty deed of such real estate, or that the court appoint such appraisers, and a commissioner be appointed to convey such property; or, if this can not be done, that the court hear proof and fix the value of such property, and decree the conveyance thereof by the appellees, and make such other orders as may be just, and for all proper relief.

It appears from the copy of the lease and contract in the record of this cause, that the appellee's covenant to sell and convey the demised real estate to the appellant, and the right of the appellant to buy the same, and the manner in which the price thereof should be arrived at, are fairly and correctly stated in appellant's complaint, the substance of which we have given.

Appellee's learned counsel have not favored this court with any brief or argument in support of the ruling of the superior court. We learn, however, from the appellant's brief,

that two points were made by appellee's counsel in argument below against the sufficiency of the complaint, namely:

*First.* The manner agreed upon for arriving at the price or value of the real estate, by arbitrators or a "committee of three disinterested persons," could not be enforced, and hence there could be no specific performance.

*Second.* The want of mutuality in the stipulations of the contract.

Both these points or questions were involved in the well considered case of *Coles* v. *Peck,* 96 Ind. 333 (49 Am. R. 161), and were presented there in much the same manner as they are presented here. In the case cited, after a careful and elaborate examination of the decided cases and text-books bearing upon the points under consideration, the court said: "The weight of American authority unmistakably supports the conclusion that in cases of the same general character as this, equity will take jurisdiction and grant such relief as may seem to be most expedient, or most in accord with the spirit of the agreement looking to the sale of the property." The case cited is decisive of the question of the sufficiency of the facts stated in the complaint in the case in hand to constitute an equitable cause of action in appellant's favor, and against the appellees. Without repeating the citations here, we refer generally to the decided cases and text-books cited and quoted from in the opinion of this court in *Coles* v. *Peck, supra,* in support of our decision of this cause.

Upon the point of the want of mutuality in the stipulations of the contract, in Waterman on Spec. Perf., section 200, it is said: "But it is well settled that an optional agreement to convey, or to renew a lease, without any covenant or obligation to purchase or accept, and without any mutuality of remedy, will be enforced in equity, if it is made upon proper consideration, or forms part of a lease or other contract between the parties that may be the true consideration for it. * * * A contract for the sale of real estate at the option of the vendee only, upon election and notice, may not

·only be specifically enforced, but the refusal of the vendor to accept the purchase-money will not destroy the mutuality, though the vendee could thereupon withdraw his election." *Souffrain* v. *McDonald*, 27 Ind. 269.

Our conclusion is that the appellant's complaint states a strong *prima facie* case in his favor for equitable relief, and that the appellee's demurrer thereto ought not to have been sustained.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

