## GLESSNER *v.* LONGLEY.

Cobb, P. J. 1. The defendant in a suit in a justice's court may file contradictory pleas.

2. The provision in the practice act of 1895 (Civil Code, § 5057), as amended by the act of 1897 (Acts 1897, p. 35), requiring that an amendment to a plea containing new facts shall have affixed thereto an affidavit that the new facts were not omitted from the original plea for the purpose of delay, has no application to a suit in a justice's court.

3. A pleading in a suit in a justice's court which purports to amend a plea theretofore filed, if sufficient in itself to constitute a complete answer to the suit, may, in accordance with the liberal rules of practice of force in that court, be treated as a new and distinct plea, without reference to the original plea.

4. A contract between a landlord and a tenant, not based upon a consideration, valuable or otherwise, that the tenant might occupy the premises after the expiration of an existing lease, until he could "rent another house," the rent for such time as the premises should be occupied to be paid at a stated sum per month, but containing no agree-

ment on the part of the tenant to occupy the premises after the expiration of the lease, is unilateral in its nature. *Swan Oil Co.* v. *Linder*, 123 *Ga.* 555, and cit.

5. Both the original and the amended special pleas should have been stricken; and it was therefore error to dismiss the certiorari.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

LUMPKIN, J. I concur in the judgment of reversal. I think that, as far as it claimed set-off or recoupment, the defendant's pleading was insufficient, and the evidence did not authorize the recovery had by him against the plaintiff, certainly as to most of the items. But where the plaintiff sued the defendant, contending that the latter had wrongfully occupied the premises after termination of a lease, in so far as the plea sought to set up that the defendant's possession was not wrongful, and thus defend himself from a recovery on that ground, it was not demurrable, whether the facts alleged made out a case of a binding contract for a definite time or for a reasonable time to allow the defendant to obtain another house, or only showed him to be in possession permissively, or under dealings between the parties which negatived the wrongful character of such possession. An allegation of possession of a tenant, even if it should be under a unilateral contract, at least until withdrawal by the landlord, is a denial of unlawfulness of possession.

ATKINSON, J. I concur in the foregoing concurrence, except that I am of the opinion that the contract as pleaded is not unilateral and is not void for want of mutuality. Under the pleadings, there was an express offer to rent by the owner of the premises, and an implied acceptance of the offer by actual use of the property under that authority. This express offer and implied acceptance made the contract sufficient as to mutuality.

Submitted March 3,—Decided May 24, 1906.

Certiorari. Before Judge Pendleton. Fulton superior court. July 26, 1906.

*C. L. Glessner,* for plaintiff. *L. W. Thomas,* for defendant.