# Sellers *v*. Farmer.

### *Ejectment.*

1. *Exceptions; Bills of; Extension of Time for Signing; Record.*—
Where the order extending the time is set out either in the record
or in the bill of exceptions and the bill is signed within the time al-
lowed by the order, such bills will be considered.

2. *Discontinuance; Case Let Off Docket.*—Where the circuit clerk
of his own volition and without plaintiff's consent, left a case off
the docket a year, after which it was reinstated, and after which
defendant obtained a continuance of the case, a discontinuance was
not worked, and the court properly refused to strike the cause from
the docket.

3. *Ejectment; Adverse Possession; Purchaser at Execution Sale.*—
A purchaser at an execution sale acquires the debtor's title, and the
possession of the land sold in the debtor, is not adverse to the pur-

chaser, and a conveyance of the land by the purchaser while the debtor is in possession is valid.

4. *Deeds; Execution; Proof.*—The execution of deeds may be proven by the grantor's testimony under the express provisions of section 1797, Code 1896.

5. *Evidence; Admission by Grantor.*—Where it was shown that the grantee was a non-resident and that the deed was executed and unrecorded, the grantor's testimony that he had executed the deed was admissible against himself, the legal presumption being that the deed was in the grantee's possession.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Ejectment by D. G. Farmer against C. E. Sellers. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

WILLIAM C. OATES, for appellant.—A discontinuance was worked and the court improperly denied the motion to strike the cause from the docket. The retention of possession by a debtor of land sold under execution sale is not adverse to the purchaser.—*Brunson v. Morgan,* 86 Ala. 218; *Herbert v. Hamrick,* 16 Ala. 581; *Mitchell v. Lipe,* 8 Yerger, 179. Hence, the deed from plaintiff to Pelham was not void because of defendant's adverse possession and the court improperly gave the affirmative charge for plaintiff.

T. M. ESPEY, for appellee.—The bill of exceptions should be stricken because the order made in vacation extending the time does not appear in the record proper, although it was set out in the bill of exceptions.—*Carroll v. C. of G. Ry. Co.,* 41 South. 517; *Porter v. Loeb,* 40 South. 761; *Zion Lodge v. Folks,* 132 Ala. 611. The court properly overruled the motion to strike the cause from the docket.—*Ex parte State,* 115 Ala. 133; *Benson v. The State,* 91 Ala. 86; *Ex parte Owens,* 52 Ala. 473; *Malone v. Marriott,* 64 Ala. 484; *Ex parte Remson,* 31

Ala. 270. The court properly gave the affirmative charge for plaintiff.—*Davis v. Curry,* 85 Ala. 133; *Bernstein v. Humes,* 60 Ala. 582.

DENSON, J.—This case was tried at the fall term, 1906, of the circuit court of Houston county. The minute entry shows an order allowing the defendant until December 1, 1906, to present his bill of exceptions. The bill of exceptions was signed on the 22d day of December, 1906—in vacation. But the bill of exceptions shows that on the 15th day of November, 1906—in vacation—the judge presiding made the following order: "The defendant in the case above stated is allowed until January 1, 1907, to have his bill of exceptions signed and approved. This November 15, 1906. H. A. Pearce, Judge Presiding." It is insisted by the appellee that the bill of exceptions should be stricken, because the order made by the judge in vacation does not appear in the record proper, but only in the bill of exceptions. If the bill of exceptions had only recited that such order was made, without setting out the order, the motion to strike would have to be sustained. But judges' orders, made in vacation, extending the time for signing bills of exceptions, may be properly shown either by setting them out in the record or by embodying them in the bill. —*Mobile & B. R. Co. v. Worthington,* 95 Ala. 598, 10 South. 839; *Nat. Bank of Augusta v. Baker Hill Iron Co.,* 108 Ala. 638, 19 South. 47. The motion to strike the bill is overruled.

The suit was commenced on the 13th day of eSptember, 1897, in the circuit court of Henry county. Subsequently the county of Houston was organized, and the case was transferred to the circuit court of that county by virtue of the act creating the county. The record shows that after the fall term, 1904, the clerk, of his

own volition and without the consent of the plaintiff, left the case off the trial docket, and did not restore it to the docket until required to do so by the court, in an order made pursuant to a motion for that purpose made by the plaintiff at the fall term, 1905, of the court. The order restoring the cause to the docket recites that it was granted after "due and legal" notice given to the defendant. At the fall term, 1906, the defendant made a motion to strike the cause from the docket and dismiss it, on the ground that it had been discontinued. The bill of exceptions shows that on the hearing of the motion it was shown that at the spring term, 1906, the cause was continued at the request of the defendant, and that the cause, while off the docket until the fall term, 1905, was left off by the clerk without the knowledge or consent of the plaintiff. On these facts the court was clearly right in declining to strike the cause from the docket.—*Ex parte Remson*, 31 Ala. 270, and the cases there cited; *Hayes v. Dunn*, 136 Ala. 528, 34 South. 944.

The action is statutory ejectment. The plaintiff's title is based on a sheriff's deed. He obtained a judgment in the circuit court against the defendant, and under an execution issued on the judgment the land in dispute·was levied on and sold by the sheriff. At the sheriff's sale the plaintiff became the purchaser and received a deed from the sheriff. The defendant was in possession and held the legal title to the land at the time of the levy and sale. Defendant testified that he was in possession of the land at the time of the sale made by the sheriff, was in possession at the time of the trial, and had been in possession all the while, either by himself or tenants, openly claiming as his own. The plaintiff testified that he swapped the land in dispute, after the commencement of the suit, to J. P. Pelham, for a lot in Dothan, and that he made Pelham a quitclaim

[Sellers v. Farmer.]

deed. The court, at the request of the plaintiff in writing, gave the general affirmative charge in favor of plaintiff.

The theory on which the court proceeded in giving the charge for the plaintiff, as we gather from the brief of appellee's counsel, was that the defendant was in adverse possession of the land at the time the deed was made to Pelham. In *Davis v. Curry*, 85 Ala. 133, 4 South. 734, the plaintiff, after commencing the suit, sold and conveyed his interest in the land to a third party. The defendant, at the time the conveyance was made, was in adverse possession of the land. It was held that the conveyance, having been made pending the adverse holding, was, as to the defendant, the same as if no deed had been made; that it conferred no rights against him, and that he could claim no benefits or defenses under it; and, consequently, that it was no barrier to plaintiff's right of recovery. The correctness of the principle announced by that case may be conceded, and yet it is not conclusive of the question as presented by the case at bar, for the reason that the purchaser at an execution sale succeeds to and acquires the title that the execution debtor has, and the debtor's possession of the lands sold is not adverse to that of the purchaser. Consequently a conveyance made by the purchaser at the sale, while the debtor is in possession, is valid.—*Brunson v. Morgan*, 86 Ala. 318, 5 South. 495; *Jackson v. Collins*, 3 Cow. (N. Y.) 89; *De Silva v. Flynn*, 9 Civ. Proc. R. (N. Y. Sup. Ct.) 426; *Foust v. Moorman*, 2 Ind. 17; *Neal v. Pressell*, 4 Ind. 504; *Bradford v. Foster*, 87 Tenn. 4, 9 S. W. 195; *Mitchell v. Lipe*, 8 Yerg. (Tenn.) 181, 29 Am. Dec. 116.

But it is insisted that the proof is not sufficient to show that a deed was executed by the plaintiff. The execution of the deed was proved by the evidence of the

plaintiff himself. The statute allows proof of execution to be made by the grantor.—Code 1896, § 1797. The execution having been proved, it was then shown that the grantee was a non-resident of the state. The presumption of the law is that the deed was in the grantee's possession. It was also shown that the deed had not been recorded. On this proof, the testimony of the plaintiff that he had executed a quitclaim deed to the land to Pelham was admissible as against the plaintiff. Indeed, no objection was made to the evidence; and, with it in, the court erred in giving the affirmative charge for the plaintiff.—*Fralick v. Presley and Wife,* 29 Ala. 458, 65 Am. Dec. 413.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.