## MALLET & NUTT *v.* WATKINS!

1. Watkins signed and delivered to Mallet a writing as follows: "I agree to sell W. M. Mallet 25 bales of middling cotton at 7½ cts., delivered at his warehouse during November and October, 1900. 4/2/1900. Jackson, Ga. B. F. Watkins." Such writing, not showing any consideration to support the promise of Watkins, did not of itself bind him to deliver the cotton, or make him liable in damages for a failure to do so.

2. A charge must be adjusted to the evidence; and there being no evidence of any promise on the part of Mallet to buy the cotton, other than a written promise delivered to Watkins, the court did not err in instructing the jury that the plaintiffs could not recover unless Mallet executed and delivered to Watkins such written promise, or in failing to charge what would be the effect of an oral promise on the part of Mallet to buy the cotton.

3. The evidence was sufficient to authorize the verdict, and the court did not abuse its discretion in denying a new trial.

Argued February 8,—Decided June 17, 1909.

Action for breach of contract. Before Judge Reagan. Butts superior court. June 8, 1908.

*John R. L. Smith,* for plaintiffs. *W. E. Watkins,* for defendant.

HOLDEN, J. Mallet & Nutt brought suit against Watkins for damages, alleging substantially as follows: The defendant executed and delivered to W. M. Mallet a contract of which the following is a copy: "I agree to sell W. M. Mallet 25 bales of middling cotton at 7½ cents., delivered at his warehouse during November and October, 1900. 4/2/1900. Jackson, Ga. B. F. Watkins." The plaintiffs were transferees of this contract under a transfer dated Oct. 6, 1903, made by the administrator of W. M. Mallet. The defendant refused to perform the contract, and the plaintiffs allege that the market price of cotton during the months of October and November was more than 7½ cents per pound, and the plaintiffs sued to recover the difference between such contract price and the market price. Upon the

trial of the case a verdict was rendered for the defendant, and the plaintiffs excepted to the order of the court overruling their motion for a new trial.

1. The written promise by Watkins to sell Mallet the cotton, standing alone, is an executory contract and without a consideration. The writing is not signed by Mallet. It shows no promise by Mallet to buy the cotton, or other consideration, to support the promise of Watkins to sell the cotton. Being an executory contract without a consideration, it is nudum pactum and without any binding force. Civil Code, §§ 3656, 3637. In order to make an executory contract binding, there must be a consideration to support the same. Mutual promises constitute a good consideration for each other. Civil Code, § 3661. In the absence of any promise by Mallet to take and pay for the cotton, or other consideration to support the promise of Watkins to sell the cotton, or anything done by Mallet whereby he became bound to take and pay for the cotton, Watkins was not bound to sell the cotton, nor was Mallet bound to buy it. In this connection see *Simpson* v. *Sanders*, 130 *Ga.* 265 (60 S. E. 541); *Cooley* v. *Moss*, 123 *Ga.* 707, 711 (51 S. E. 625); *Glessner* v. *Longley*, 125 *Ga.* 676 (54 S. E. 753); *Swindell* v. *First National Bank*, 121 *Ga.* 714 (49 S. E. 673); *Morrow* v. *Southern Express Co.*, 101 *Ga.* 810 (28 S. E. 998); *Sivell* v. *Hogan*, 119 *Ga.* 167 (46 S. E. 67); *Harrison* v. *Wilson Lumber Co.*, 119 *Ga.* 6 (45 S. E. 730). The fact that Mallet wrote the written promise signed by Watkins, wherein the name of Mallet appeared, and the fact that the writing, after being signed by Watkins, was delivered to and accepted by Mallet would not bind Mallet to buy the cotton if tendered to him by Watkins.

2. One ground of the motion for a new trial is as follows: "Because the court erred in charging the jury as follows: 'Now, gentlemen, I charge you, as a matter of law, there can be no recovery on the contract as set out in this petition—on the contract alone; there being the want of mutuality in the contract. There being nothing in it imposing any obligation on Mr. Mallet to purchase or pay for this cotton, therefore, under the law it is void, unless there was a written contract made and signed at the same time by Mr. Mallet and delivered to Mr. Watkins, in which contract Mr. Mallet agreed to receive and purchase and pay

for the cotton at the time of its delivery.' " There are other charges of the court similar to the one above quoted, of which the same complaint is made. The plaintiffs alleged that at the time the writing above set forth was signed by the defendant, W. M. Mallet signed a writing wherein he promised to purchase and receive from the defendant the 25 bales of cotton and pay him therefor 7½ cents per pound whenever the defendant delivered the same to Mallet during· the months of October and November, 1900. The plaintiffs complain that the court erred in charging that in order for the plaintiffs to recover, or introduce ·parol evidence of any such written promise by Mallet, it must not only be shown that such written promise was made by Mallet, but it must be shown that it was ·delivered to Watkins. There was no evidence upon the trial of the case that Mallet signed and *retained* an agreement to buy the cotton. The only evidence of any written promise by Mallet was that of witnesses who said that when· Watkins signed the written promise hereinabove copied, Mallet signed and *delivered* to Watkins a written promise to buy the cotton at 7½ cents when delivered during October and November, 1900. There was no evidence of any other written promise of Mallet, and under the evidence the jury could not find that there was any written promise of Mallet to take the cotton, unless they found that Mallet had signed and delivered one tó Watkins at the time Watkins signed and delivered the instrument for the breach of which suit is brought. A charge must be adapted to the evidence and cover the issues made thereby and by the pleadings; and no error was committed in charging the jury that in order for the plaintiffs to recover, or introduce parol evidence of any such written promise by Mallet, it must not only be shown that such written. promise was made by Mallet, but it must be shown that it was delivered to Watkins. As there was no evidence that Mallet made any promise to buy the cotton, except that he signed and delivered to Watkins a written promise to do so, whether a parol promise by Mallet to buy the cotton would have authorized a recovery in this case need not be considered. The question as to whether or not the court committed error in failing to charge the jury that a recovery could be had if there was a parol promise by Mallet to buy the cotton need not be considered, for the reason that the evidence would not have justified

any such charge, being no evidence of any promise by Mallet to buy the cotton, except a written promise signed and delivered to Watkins. No such written promise by Mallet was introduced in evidence, and the evidence was conflicting as to whether or not Mallet signed and delivered to Watkins such promise, and was such as to authorize the jury to find that no such written promise was signed and delivered. There was no evidence to authorize the jury to find that Mallet ever became bound to take and pay for the cotton, if it had been tendered to him under Watkins' written promise, except the evidence of a written promise by Mallet signed and delivered to Watkins; and the evidence being conflicting as to whether Mallet did or did not do this, the charge quoted, and similar charges, were not subject to any criticism made thereof. We do not think the entire charge was subject to the criticism made, nor do any of the excerpts therefrom, in view of the entire charge, involve such error as requires a new trial. The evidence authorized the verdict, and the court did not abuse its discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*