### 2968.   BASHINSKI BROTHERS *v.* LAKE.

A. and B. signed an instrument under seal, which recites that, for and in consideration of the sum of $1 cash in advance, A. agrees to deliver to B., at a designated time and place and for a stipulated price, 50 bales of cotton of a described grade. B. did not agree to purchase the cotton, or to receive and pay for it, or to assume any obligation in respect thereto. *Held:* (1) The instrument was unilateral, lacking in mutuality, and not binding upon either party, and was merely a proposal made by A. to B. (2) The right of B. to demand an enforcement of the obligation, in the absence of any mutual agreement or promise contained in the contract itself, depended upon his doing some act prior to the time fixed for the delivery of the cotton, which would bind him to accept and pay for the cotton in the event of its delivery, and there was no allegation that B. had either actually or constructively done any act indicating an acceptance by him of the proposed sale of the cotton prior to the time fixed for its delivery.

DECIDED JUNE 7, 1911.

Action on contract; from city court of Dublin—Judge Hawkins. September 17, 1910.

Bashinski Brothers sued Lake for damages for the alleged breach of the following contract: "Georgia, Laurens County. This agreement, made and entered into this 19th day of May, 1909, between E. P. Lake, of the county of Laurens, State of Georgia, of the first part, and Baskinski Brothers of the county of Laurens, State of Georgia, of the other part, witnesseth: that for and in consideration of the sum of one ($1.00) dollar, cash in advance, the said E. P. Lake agrees to deliver to the said Bashinski Brothers fifty (50) bales of cotton averaging not under 500 lbs. per bale, at the price of 10 cents per pound, basis of good middling, standard Savannah classifications. The differences of grades other than good middling to be the official differences as quoted by the Savannah Cotton Exchange during the month of delivery of said cotton to said Bashinski Brothers, at Dublin. No cotton to be delivered to the said Bashinski Brothers on this contract under the grade of middling; no damp, sandy, gin-cut cotton to be delivered on this contract. No bales under 320 lbs. weight to be received. The tare of said cotton not to exceed 24 pounds per bale, said cotton to be delivered not later than November 1, 1909. Cotton to be delivered in lots of not less than one bale at a time. Said cotton to be delivered at Lovett, Ga. In case of disagreement as to weight or grade, or the proper interpretation of this contract, the same to be arbitrated promptly, said E. P. Lake selecting one arbitrator, and Bashinski Brothers selecting the other, and these two arbitrators, in case of disagreement, to select a third arbitrator, whose decision will be binding on both parties, except as to grade. In case of disagreement as to grade, either party to this contract may have the option of referring the matter to the classification committee of the Savannah Cotton Exchange, whose decision will be final and binding on both parties to this contract. Signed in duplicate this 19th day of May, 1909." This contract was signed by each party and was under seal.

The petition alleges that the defendant, Lake, fails and refuses to deliver the 50 bales of cotton as he contracted and agreed to do, by reason of which plaintiffs have been damaged in the sum of $1,093.74, being the difference in the price contracted for and the price of the cotton on the day when the same was to have been delivered under the contract. The court dismissed the petition on oral motion of the defendant, on the ground that the contract sued upon

23

was unilateral, and was of no binding force or effect in law, and that there was no cause of action set out in the petition; and to this judgment exception is taken.

*J. E. Burch,* for plaintiffs.

*Hines & Jordan, J. S. Adams,* for defendant.

HILL, C. J. (After stating the foregoing facts.) In repeated rulings of the Supreme Court construing instruments similar in character to this contract, it was held that they were unilateral and lacking in mutuality, and therefore were not binding upon either party. The contract does not contain any obligation on the part of Bashinski Brothers to take the cotton, if tendered by Lake at the time and place specified in the contract. Lake, in consideration of $1 cash in advance, agreed to deliver the cotton, but the Bashinskis did not agree to accept it when delivered. The instrument alleged to be a contract is very similar in terms to the instrument sued upon in *Sivell* v. *Hogan,* 119 *Ga.* 168 (46 S. E. 67). In that case the contract was under seal, and therefore imported a consideration, yet the Supreme Court held it to be unilateral, because, although Sivell had signed the contract agreeing to deliver to Hogan, at the time and place stated and at a price named, certain cotton therein described, Hogan did not agree, in the contract or otherwise, either at the time the alleged contract was signed or thereafter, to receive and pay for the cotton, and that the right of Hogan to demand an enforcement of the obligation depended upon his doing some act prior to the time fixed for delivery which would bind him to pay in the event of delivery. See, also, *Simpson* v. *Sanders,* 130 *Ga.* 265 (60 S. E. 541); *Mallet* v. *Watkins,* 132 *Ga.* 700 (64 S. E. 999, 131 Am. St. Rep. 226), and many cases cited in both of these opinions. We are clear that under these rulings the instrument sued upon was, for the reasons stated, unilateral, and not enforceable as an executory contract of purchase and sale. It is true that the contract in this case was signed by both parties, but this fact of itself does not make the contract one of mutuality. The instrument, to be a valid contract and mutually binding, must contain mutual agreements, or mutual promises, or a mutual consideration. In the cases of *Harrison* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (45 S. E. 730), and *Cooley* v. *Morse,* 123 *Ga.* 707 (51 S. E. 625), the instruments alleged to be contracts were signed by both parties. In the latter case the Supreme Court says: "It is true that the in-

strument sued on begins with the words, 'This agreement made this day between A. J. Morse and J. L. Cooley,' and is signed by both parties. But Cooley nowhere agrees or promises to do any act, or binds himself in any way. He does not agree to take the lot, or to pay the purchase price"—just as in the present case Lake agrees to deliver, but Bashinski Brothers do not agree to receive or to pay for the cotton.

The instrument sued on in this case was simply an option. It bound Lake, in consideration of the sum of $1, to sell the cotton; but it does not contain any counter obligation to buy on the part of Bashinski Brothers. In other words, it amounted to no more than an offer or proposal of sale. There is no allegation in the petition that this option was exercised by Bashinski Brothers. If Bashinski Brothers had accepted the option it would have been binding upon Lake; and as an option it was irrevocable until the expiration of the time agreed upon by the parties thereto for the performance of the contract, and if, before the date of performance, it had been accepted by Bashinski Brothers, or they had done any act indicating an acceptance by them of the contract, it would have made the contract complete. Of course, suing on the instrument after the expiration of the time for acceptance was not sufficient for this purpose, because the suit shows that the defendant, Lake, had abandoned the contract or violated it, and a suit for damages could not amount to a closing of the contract alleged to have been already rendered impossible of performance by the defendant. *Cooley* v. *Morse,* supra. The allegations of the petition in the present case are so clearly and fully controlled by the decisions of the Supreme Court above cited, especially the decisions in *Simpson* v. *Saunders* and *Sivell* v. *Hogan* (the contract in these cases being almost identical in terms with that under consideration), that it renders any further discussion of the question unnecessary. We therefore conclude that the court did not err in dismissing the petition.

*Judgment affirmed.*