### 4573.  MARTIN *v.* COX.

1. Since the trial judge erred in overruling the demurrer to the petition, the further proceedings on the trial were nugatory.
2. The contract upon which the plaintiff based his right of action is plainly unilateral; for under it he did not assume an obligation to sell the stock which he contended the defendant had bound himself to buy.

DECIDED AUGUST 16, 1913.

Complaint; from city court of Columbus—Judge Tigner. January 8, 1912.

*S. M. Davis, Wynn & Wohlwender,* for plaintiff in error.
*McCutchen & Bowden,* contra.

RUSSELL, J.  Cox sued Martin, alleging, that Martin entered into a contract with him to purchase from him twelve shares of the capital stock of the Martin Furniture Company at a price not less than $1,500; and that he tendered the stock to Martin in pursuance of the contract, stating his desire to sell, but that Martin refused to take the stock, and consequently is indebted to him in the sum of $1,500, with interest. The contract (a copy of which is attached to the petition) was as follows: "State of Alabama, Jefferson County. This agreement entered into this the 19th day of August, 1909, witnesseth: That I, M. M. Martin, do hereby agree to purchase of Wm. J. Cox, one year from date, twelve shares of the capital stock of the C. A. Martin Furniture Company, at a price to be mutually agreed upon of not less than $1,500, should said W. J. Cox wish to sell same. Should the said Wm. J. Cox desire to sell, he shall give to the said M. M. Martin 30 days' notice of his intention to sell." Signed: M. M. Martin, W. J. Cox.

The jury found a verdict in favor of the plaintiff, for $1,500.

The defendant excepted to the overruling of his demurrer to the petition, and also to the judgment overruling his motion for a new trial.

1. The motion for a new trial contains nineteen grounds, in which error is assigned upon various rulings as to the admissibility of testimony, and upon instructions to the jury. We shall not concern ourselves with any discussion of the numerous grounds of the motion for a new trial; for the reason that, in our opinion, the court erred in overruling the demurrer to the petition. The demurrer should have been sustained and the petition dismissed. For that reason all of the subsequent proceedings in the trial were nugatory.

2. In the demurrer the point is made that the contract upon which the suit is based is unilateral. It is specifically pointed out in three grounds of the demurrer that by the alleged contract the plaintiff was not bound to sell his stock or to do any other thing whatsoever, and that he made no promise or agreement whatsoever. Nothing is better settled than that neither party to an ostensible executory contract is bound unless both parties are bound. "That the promise by one with nothing in return is void is axiomatic." Bishop on Contracts (2d ed.), 35. Of course, this statement does not apply with full force to an option, because it is equally well settled that a contract by which the owner of property agrees with another that the latter shall have the right to buy the property at a fixed price within a certain time, if based upon a valid consideration, is binding and will be enforced. Weaver v. Burr, 31 W. Va. 736 (8 S. E. 743, 3 L. R. A. 94) ; Bradford v. Foster, 87 Tenn. 4 (9 S. W. 195) ; Lynn v. McLane, 80 Ala. 360; Souffrain v. McDonald, 27 Ind. 269; Herrman v. Babcock, 103 Ind. 461 (3 N. E. 142). An option rests upon the principle that "it is just as competent for a man to bind himself to make a contract of sale as it is for him to bind himself to buy a contract of sale." DeRutte v. Muldrow, 16 Cal. 505. In *Morrow* v. *Southern Express Co.,* 101 *Ga.* 810 (28 S. E. 998), it was said that "where mutual promises are relied upon as consideration to support a contract, the obligations of the contract must be mutually binding upon the respective parties; and if one assume under such an agreement to do a special act beneficial to another, and that other under the terms of the contract is under no obligation to perform any act of corresponding

advantage to the former, the agreement is without such considera-tion as will support the promise of the party assuming to perform." We think that under the rule laid down in the decision, the de-murrer raising the point that the contract in the present case is without consideration is good. See, also, *Cooley* v. *Moss, 123 Ga.* 707 (51 S. E. 625).

Without ruling upon this point, however, it is very clear from a reading of the contract which we have quoted, that the contract is unilateral; and this phase of the case is not affected by the fact that Cox as well as Martin signed the instrument. Martin prom-ised to buy the stock from Cox, if Cox, at the time designated, wished to sell it, but Cox did not promise to sell his stock to Martin, even if Martin should wish to buy it at that time, nor did he in any way obligate himself to sell, no matter how anxious Martin might be to buy. Under the provisions of the instrument Martin was bound to buy, but Cox was not bound to sell.

The ruling upon the demurrer is controlled by the decisions of the Supreme Court in *McCaw Manufacturing Co.* v. *Rountree,* 115 *Ga.* 408 (41 S. E. 664), *Simpson* v. *Sanders, 130 Ga.* 265 (60 S. E. 541), and *Mallett* v. *Watkins, 132 Ga.* 700 (64 S. E. 999, 131 Am. St. R. 226), and the decision of this court in *Oliver Construction Co.* v. *Reeder, 7 Ga. App.* 276 (66 S. E. 955). In the latter case Judge Powell says: "It would be profitless for us to elaborate the propo-sition that a contract, to be enforceable, must be mutual. Nego-tiations, propositions, and tentative understandings between parties do not become contracts until both parties are bound. . . Gen-erally speaking, if one party can not hold the other to the terms of the contract, and compel him to perform under it, or bring an action against him for his refusal to perform, the transaction is unilateral, and no contract exists as against either party."

*Judgment reversed.*