17842. ALL CHURCH PRESS INCORPORATED *v.* HARRIS ADVERTISING AGENCY INCORPORATED.

The contracts upon which the suit was based were unilateral, and the court did not err in sustaining the demurrers to the petition; nor did the judge of the superior court err in overruling the certiorari.

DECIDED APRIL 12, 1927.

Certiorari; from Fulton superior court—Judge Howard. November 25, 1926.

The original petition in this case is as follows: "The petition of All Church Press, Inc., a corporation, shows the court as follows: 1. That E. C. Harris Advertising Agency, Inc., the defendant herein named, is a corporation with its principal place of business in the City of Atlanta, said State and county, and an agent upon whom service of process may be made in said city, State and county. 2. Your petitioner shows that during May, 1924, and at all times since that date, it has been publishing the following newspapers in the following cities; to wit: The

Contracts, 13 C. J. p. 247, n. 6; p. 263, n. 74; p. 331, n. 18.

Tribune in Fort Worth, Texas; the Dallas World, in Dallas, Texas; and The Times, in Houston, Texas. Your petitioner shows that under date of May 28, 1924, it entered into a contract with said defendant to publish one thousand inches of advertising in the Dallas World at and for the price of $476.00, a copy of which contract is shown by Exhibit 'A,' hereto attached. Your petitioner shows that under date of May 28, 1925, it entered into a contract with said defendant to publish in the Tribune, at Fort Worth, Texas, one thousand inches of advertising at and for the price of $476.00, as shown by a contract, a copy of which is hereto attached, marked Exhibit 'B.' Your petitioner shows that under date of May 28, 1924, it entered into a contract with said defendant to . publish in the Tribune, at Fort Worth, Texas, one thousand inches of advertising at and for the price of $467.00, as shown by a contract, a copy of which is hereto attached, marked Exhibit 'B.' Your petitioner shows that under date of May 28, 1924, it entered into a contract with said defendant to publish in the Times, at Houston, Texas, a thousand inches of advertising at and for the price of $476.00, as shown by Exhibit 'C,' hereto attached. Your petitioner shows that said defendant agreed to furnish copy with instructions for each issue in which advertising was to appear, and obligated itself to pay for said advertising, all of which is more fully shown by the contracts, copies of which are marked Exhibits 'A,' 'B,' and 'C,' hereto attached. 3. Your petitioner shows that it has at all times been ready, willing, and able to carry out its contract; but said defendant has declined to go forward with the same, and has declined to carry out each and all of the obligations imposed upon said defendant under and by virtue of the terms of the aforementioned contracts. 4. Your petitioner shows that the price to be paid by said defendant under the said three contracts amounts to fourteen hundred and twenty-eight dollars ($1,428.00), and your petitioner, by reason of the breach of said contracts by said defendant, has been damaged in the sum of thirteen hundred and twenty-eight dollars ($1,328.00), this being the amount which defendant was to pay your petitioner under said three contracts, less the cost to your petitioner of printing the advertisements which were to have been furnished by said defendant, which cost of printing said advertisements would not have exceeded the sum of one hundred dollars ($100.00). 5. Your petitioner shows that

it has at all times been ready, willing, and able to carry out its agreement with said defendant, and said defendant, without excuse or justification, failed and declined to go forward with said contracts. Wherefore, your petitioner prays judgment against said defendant in the sum of thirteen hundred and twenty-eight dollars ($1,328.00), and prays that process may issue," etc. The three contracts sued on are similar in form, and the following is a copy of one of them: "The Dallas World (Friday), Dallas, Texas (Dallas county). You are hereby authorized to insert the advertising of Drug Products, Inc., Atlanta, (Karnak) on the following terms and conditions: Space to be used within one year from date of first insertion 1,000 inches. Position: Top column, next reading, on live news page. Rate: .47 6/10 per inch. Less 15% commission, 2% cash discount, payable monthly as used, it being agreed that the above rate is the minimum at which a contract for similar space and conditions can be secured, and that if at any time during the life of this contract a lower rate for same space and conditions is put into effect, then this contract is to be completed at such lower rate from that time. Further, it is agreed that additional space may be used under the same conditions, at the above rate, and that rebate is to be made when total space used earns additional discounts of any kind. It is agreed that all advertising under this order (unless otherwise specified) shall be set up and appear in the regular body type of the paper, with headings in such type as is regularly used over news matter, all copy having the appearance of news to be labeled 'Adv.' or 'Advertisement' at conclusion. Copy, with instructions for each issue in which advertising is to appear, to be furnished. No advertisement to be repeated without specific orders to that effect. Publisher agrees to mail a copy of each issue containing this advertisement to the agency at address below, promptly after publication, also statement covering advertising inserted during previous month is to be mailed on the first of each month, in order that remittance may be forwarded before expiration of cash discount period. (Signed) E. C. Harris Advertising Agency, Inc., Atlanta, Ga., U. S. A., E. C. Harris. Publisher's Acceptance World-All Church Press, by Homer Tomlinson, V. P., G. M." Demurrers to the petition were filed, and, upon these being sustained and the petition dismissed, the plaintiff excepted, and by certiorari carried the case to the

superior court. The judge of the superior court overruled the certiorari, and the plaintiff excepted.

*Albert E. Mayer,* for plaintiff. *Fuller & Bell,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) While each of the "contracts" upon which the suit was based was signed by both parties, they were not such contracts as could be enforced in the courts, because lacking in mutuality. To have a contract upon which an action will lie, both parties must be bound thereby. Under the terms of the "contracts" sued upon, there was no absolute promise on the part of advertising agency to do anything. The contracts provided that a certain amount of space must be used within one year from the date of the first insertion, but no time is set for the first insertion, nor is there any promise that it will ever be made. The advertising agency is not required to make such an insertion, and therefore the contract is unilateral and unenforceable. However, this inchoate, this unilateral, contract would ripen into a mutual and enforceable contract when and if a "first insertion" was made, and would then become a contract for 1,000 inches of space, "to be used within one year from the date of the first insertion." The contracts were not mutual and binding when signed, nor did they afterwards become so, but remained unilateral, and the general demurrer to the petition was properly sustained by the judge of the municipal court; and the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*