18141.   HAVERTY FURNITURE CO. *v.* LYON-YOUNG PRINTING CO.

BLOODWORTH, J. The principle announced in *All Church Press* v. *Harris Advertising Agency*, 36 *Ga. App.* 616 (138 S. E. 85), is controlling in this case, and the court erred in overruling the demurrer to the petition. See *Cooley* v. *Moss*, 123 *Ga.* 707 (51 S. E. 625); *Morrow* v. *Southern Express Co.*, 101 *Ga.* 810 (28 S. E. 998); *Bashinski* v. *Lake*, 9 *Ga. App.* 352 (71 S. E. 702); *Martin* v. *Cox*, 13 *Ga. App.* 236 (79 S. E. 39); *Manget* v. *Carlton*, 34 *Ga. App.* 556 (3) (130 S. E. 604).

> *Judgment reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 4, 1927.

Action for breach of contract; from Fulton superior court— Judge Moore. April 25, 1927.

Lyon-Young Printing Company, publishers of The Atlanta Shopping News, sued Haverty Furniture Company for breach of an advertising contract by failure and refusal to furnish advertising copy. The defendant demurred to the petition generally and on various grounds, among which was the ground that the contract was lacking in mutuality, unilateral, without consideration, and unenforceable. It was contended that no obligation was assumed by the Printing Company; that it did not agree to sell

the advertising space which the Haverty Company agreed to buy. On the other hand it was contended that obligations were imposed upon the Printing Company by the words in the first sentence of the contract: "in which shall be inserted the advertisements of the undersigned," and the words in the next sentence: "which is to be equally divided among the several advertisers," used with reference to the space on the first page of The Atlanta Shopping News. The contract was as follows:

Aug. 28, 1925.

Lyon-Young Printing Company,

160-166 Luckie Street, Atlanta, Georgia.

The undersigned hereby contracts with the Lyon-Young Printing Company, publishers of The Atlanta Shopping News, for the purchase of eight-five column inches to be used for twenty-six consecutive weeks, beginning weeks of...............19..., in which shall be inserted the advertisements of the undersigned, until space contracted for has been consumed. It is also understood and agreed that I will purchase my pro rata share of space on the first page of The Atlanta Shopping News, which is to be equally divided among the several advertisers. Copy to be in publisher's hands on a date and schedule to be made as agreed by the several advertisers.

In consideration of the publication of the advertisements of the undersigned as specified above it is hereby agreed that the undersigned will pay to the Lyons-Young Publishing Company at its office in Atlanta, Georgia, on the 10th day of each month following publication, the pro rata part of the contract price due for the advertisements appearing during the preceding month at the rate of $1.25 per column inch of 12-½ ems pica, on the basis of a guaranteed distribution of 52,000 copies weekly.

It is part of this contract that no agreement or understanding exists except that which is specified in both original and duplicate that it can not be cancelled and that neglect to furnish copy when due gives purchaser [?] the right to repeat last advertisement.

Signed: Haverty Furniture Co.,

by L. A. Witherspoon.

Lyon-Young Publishing Company, by T. J. Lyon.

*Little, Powell, Smith & Goldstein,* for plaintiff in error.

*Hewlett & Dennis,* contra.