23780. MION & MURRAY COMPANY *v.* WORLD WIDE PICTURES INC.

SUTTON, J. 1. Plaintiff and defendant entered into a contract by which the plaintiff, a motion-picture distributor, agreed, for a specified rental for each film, to furnish the defendant with 21 named films, the defendant agreeing to show each film in its theatre within six weeks after being notified by the plaintiff of the availability thereof. The plaintiff in due time notified the defendant of the availability of four of the films, but the defendant failed to accept them for exhibition in its theatre. The contract provided that should the defendant fail to show all the films within six weeks. after being duly notified of their availability, it would immediately pay to the plaintiff the aggregate of rentals specified for all of the photoplays remaining unplayed. The defendant failed to exhibit the four pictures within the time specified, and the plaintiff brought suit to recover the specified rental price of such films as damages. The contract was not lacking in mutuality, nor was it so vague and indefinite as to be void.

2. The petition was not subject to demurrer because it did not allege that the plaintiff was ready, willing, and able to perform the contract sued on, or set up a sufficient excuse for its nonperformance. Plaintiff was

not seeking to recover for a breach of the entire contract, but for damages for the failure of the defendant to accept and exhibit four of the films contracted to be used by it, which damages were fixed by the contract as being the amount the plaintiff would receive from the defendant as rental therefor. In these circumstances, it was not a condition precedent that the plaintiff should show that it was ready, willing, and able to deliver to defendant all the photoplays contracted for, the petition alleging that the four films, the rental price of which it was seeking to recover, were available to the defendant, and that it had been duly notified thereof and had failed to accept and exhibit them, paying the specified rental, per the contract.

3. The contract sued on did not fall within the class of contracts set forth in *Cooley* v. *Moss*, 123 *Ga.* 707 (51 S. E. 624), *Oliver Construction Co.* v. *Reeder*, 7 *Ga. App.* 276 (66 S. E. 955), *Martin* v. *Cox*, 13 *Ga. App.* 236 (79 S. E. 39), *All Church Press Inc.* v. *Harris Advertising Agency*, 36 *Ga. App.* 616 (138 S. E. 85), and *Haverty Furniture Co.* v. *Lyon-Young Printing Co.*, 37 *Ga. App.* 263 (139 S. E. 921), in that it was an executory contract under which the plaintiff in this case was not bound, there being no absolute promise upon its part to furnish the films agreed to be exhibited by the defendant for the prices specified, within six weeks after being notified by the plaintiff that the same were available for exhibition. Had the plaintiff failed to furnish such films, or had it furnished them to another theater in said city, the defendant would have had its proper action against the plaintiff.

4. There is no merit in the contention that the damages sought were in the nature of a penalty. Plaintiff was entitled to recover the rental price of the pictures, agreed to be paid by the defendant. Such was the consideration flowing to it from a performance of the contract by the defendant.

5. It follows that the trial judge did not err in overruling the general demurrer to the petition.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

Decided September 19, 1934.

*Albert E. Mayer,* for plaintiff in error.

*Alfred J. Rufty, Dillon, Calhoun & Dillon, Ralph R. Quillian,* contra.