# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

DAVID VIA and wife, PATTY VIA,    )
                                       )

    Plaintiffs/Appellants,        )         Carroll Chancery No. 9100

                                       )

vs.                             )

                                     )

JIMMY JOE WELCH, HERMAN     )        Appeal No. 02A01-9507-CH-00157
REED and TOMMY REED,       )

                                       )

    Defendants/Appellees.        )

FILED

**November 7, 1996**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## APPEAL FROM THE CHANCERY COURT OF CARROLL COUNTY
## AT HUNTINGDON, TENNESSEE

### THE HONORABLE WALTON WEST, CHANCELLOR

For the Plaintiffs/Appellants:        For the Defendants/Appellees:

Charles M. Agee, Jr.               Douglas W. Wilkerson
Dyersburg, Tennessee             Dyersburg, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

ALAN E. HIGHERS, J.

# OPINION

This is a suit brought by Plaintiffs-Appellants, David Via and his wife Patty Via ("Via"), against Defendants-Appellees, Jimmy Joe Welch, Herman Reed and Tommy Reed (collectively "Welch"). In this appeal, Via seeks to revive a decree for specific performance entered by this Court on August 28, 1984. Specific performance is no longer available since the property was lost to foreclosure. Via now seeks to have the decree revived and converted to a judgment for money damages. The trial court ruled that Via is not entitled to the relief sought and dismissed Via's lawsuit. We affirm.

The trial court entered a Memorandum Opinion which concisely recites the facts and explains the applicable law. We agree with the decision of the trial court and adopt its Memorandum Opinion:

> The Plaintiffs have filed a Complaint seeking to set damages arising out of the Defendants' alleged failure to comply with a prior court judgment for specific performance of a contract for the sale of land.
>
> Apparently, it is undisputed that as to Defendants Herman Reed and Tommy Reed, the Plaintiffs are barred from seeking relief as to these Defendants as any claim against them has been discharged by bankruptcy.
>
> As to the Defendant Jimmy Joe Welch, he insists the Plaintiffs are not entitled to money damages as none were awarded in the judgment directing specific performance.
>
> The parties have entered into a "Joint Stipulation of Facts" as follows:
>
> 1. Plaintiffs filed a lawsuit for a breach of contract for the sale of real estate in 1983, asking for specific performance.
>
> 2. In August, 1984, the Civil Court Of Appeals For The Western Section reversed the trial court and ordered the Defendants to specifically perform the contract sale of real estate.
>
> 3. That neither Plaintiffs nor Defendants took any action after the Court of Appeals award of specific performance, prior to Plaintiffs filing the Complaint For Revivor [July 1994] and the Motion for the court to determine the specific amount of money owed by Defendants to Plaintiffs.
>
> 4. There were two payments in the amount of Twenty-Seven Thousand ($27,000.00) Dollars each made by the Defendants to Plaintiffs after the execution of the contract for sale of real estate and no other payments were made by Defendants to Plaintiffs.

5. On December 16, 1986 the Plaintiff lost title to property by foreclosure. Subsequently, Jeff Via, the Plaintiff's son, purchased the property from Small Business Administration, and on November 3, 1988 sold the property to J. R. Wilson for the sum of Eighty-Seven Thousand Four Hundred Eighty-Three ($87,483.00) Dollars which is recorded in Deed Book 235, Page 24 in the Register's Office for Carroll County, Tennessee. By entering into this stipulation, neither party waives the right to present more detailed information regarding the foreclosure and subsequent resale of the property for the purpose of determining what damages, if any, the Plaintiffs have suffered.

6. The Plaintiffs never rented or collected any monies from the farm after the Defendants breached their contract through the foreclosure sale.

7. Since the entry of the judgment by the Court of Appeals for specific performance that neither Plaintiffs nor Defendants have attempted pursuant to Rule 70 of the Tennessee Rules of Civil Procedure or any other process to have title vested out of Plaintiffs and into Defendants nor have the Plaintiffs attempted to obtain a judgment for money damages.

## CONCLUSION

No authority has been submitted to the court as to how a decree for specific performance against a purchaser is to be enforced. The Tennessee cases dealing with the subject of specific performance by and large address enforcement against vendors which can be readily accomplished by divestiture of title, if necessary. In the instant case, the Court of Appeals decision granting specific performance remanded the case to the trial court "for any further orders consistent with this opinion."

Initially, this court is of the opinion that it is limited to enforcing the Order of the Court of Appeals directing specific performance. However, at this juncture, this court cannot direct specific performance as this is no longer possible in that the Defendants no longer have title to the property.

The question then presented is whether the Plaintiffs are entitled to damages considering the developments in the case.

Before a seller can claim damages for refusal of performance, the seller must show a satisfactory tender of that which was to be purchased. Massey v. Hardcastle, 753 S.W.2d 127, 140 (Tenn. App. 1988). In the instant case, the Plaintiffs made no effort through any proceedings subsequent to the Court of Appeals' decision to tender a deed to Defendants for a period of over two years, at which time their property title was lost due to foreclosure.

Following the remand to this court by the Court of Appeals, the court is of the opinion there should have been a request by Plaintiffs for further orders from this court directing a deposit of the sales price by the purchaser and tender of the deed by the sellers within a specified time. This type of procedure is apparently recognized in the case of Texas Co. v. Aycock, 227 S.W.2d 41, 47 (Tenn. 1950) [citing Bradford v. Forrester, 87 Tenn. 4 (1888)]. As the Plaintiffs made no effort to have the decree of specific performance enforced within a reasonable time, the court is of the opinion they are not now entitled to damages due to their inability to presently comply with the Court of Appeals' decision directing specific performance.

2

The decision of the trial court is affirmed.  Costs are taxed to the Appellant, for which execution may issue, if necessary.

                                    **HOLLY KIRBY LILLARD, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P. J., W.S.**

**ALAN E. HIGHERS, J.**

3