RADCLIFFE v. BILES & BROTHER *et al.*

1. In an action by the payee upon a promissory note in any court, whether of law or equity, it is a good defence that the note was without consideration and procured by fraud.

2. One who executes and delivers a promissory note without reading or knowing its contents, cannot avoid liability thereon because he acted ignorantly, without showing some justification of his ignorance, either by reason of his inability to read or by some misleading device or contrivance amounting to fraud on the part of the person with whom he was dealing.          *Judgment affirmed.*
April 9, 1894. Argued at the last term.

Petition for injunction. Before Judge BUTT. Muscogee county. July 1, 1893.

G. W. Radcliffe presented his petition against J. S. Radcliffe and J. B. Biles & Bro. The judge refused to entertain the petition or sanction it. The petition alleged: In 1890 Biles & Bro. left with J. S. Radcliffe sixteen mules, with some agreement or understanding, as petitioner is informed, to the effect that J. S. should sell the mules on credit and all over $100 each, received from the sale, should be divided equally between him and them, they paying for feed and attention to the mules. About a year afterward J. B. Biles came to petitioner, with J. S., and stated that he wished to sell to J. S. the six or seven mules which had not been sold, and all the notes for those which had been sold; and asked petitioner if he would stand security of J. S. on a note for the same, amounting to $2,000. Petitioner refused to do so, and thereupon agreed with Biles that he would stand the security and guarantee that J. S.

would fully comply with the contract before set out, that is that J. S. should fully account with Biles & Bro. respecting any mules he had sold on their account, or turn over to them any notes or mortgages for which the mules might have been sold. Thereupon Biles, representing Biles & Bro., agreed to this arrangement, and it was then and there agreed that J. S. and Biles should draw up a paper to carry out this agreement. Biles and J. S. left petitioner in order to do so, and soon returned presenting a paper signed by J. S., stating that the matter had been fixed up. Believing the paper contained the agreement he had made with J. S. and Biles, petitioner signed it; whereas it did not contain the agreement, but, as he afterwards learned, was two promissory notes for $1,000 each. This was a fraud upon him, as defendants well knew. He believed, when he signed, he was only signing an agreement that J. S. should turn over the unsold mules and all notes and mortgages he took for mules sold, and account for all money he received from sale of mules. Notwithstanding the facts, Biles & Bro. have sued him upon the notes, in the city court of Columbus, and unless he can have the equitable interference of the superior court, will obtain judgment against him. Inasmuch as he cannot have adequate relief in a court of law, and particularly as said city court has no equity power, and as he can only have full and adequate relief in the superior court, which alone can exercise equity jurisdiction, he prays that the notes be reformed and the agreement made as alleged between him, J. S. and Biles & Bro., be set up as the true contract between the parties. He offers fully to comply with the same. He further prays that said action be perpetually enjoined; for general relief, etc.

BLANDFORD & GRIMES, for plaintiff.

LITTLE & WIMBISH, for defendants.