## GEORGIA MEDICINE CO. *v.* HYMAN & CO.

One able to read, who executed a written contract without reading it, can not avoid liability thereon because he signed without knowing the contents of the contract, when his so doing was not induced by any action or representation amounting to fraud on the part of the person with whom he was dealing.

Argued June 11, — Decided June 27, 1903.

Certiorari.   Before Judge Roberts.   Irwin superior court.   December 6, 1902.

*McDonald & Quincey,* for plaintiff.
*L. Kennedy,* for defendants.

Simmons, C. J.   Suit was brought in the county court of Irwin county, by the Georgia Medicine Co. against Hyman & Co., upon an account.   On the trial the plaintiff showed that Hyman & Co. was a partnership composed of Hyman and Clements.   It also showed that Hyman, acting for the firm, had signed a written order for certain goods at a named price and on certain terms, the order containing the statement, "No goods placed on consignment," and the stipulation, " No verbal promise or statements shall be recognized in any case."   It also showed that the goods had been shipped by the plaintiff and received and partially disposed of by the defendants, and that the latter had refused to pay the account, but had offered to pay for such of the goods as they had sold and return the rest of them to plaintiff.   Hyman then testified: Plaintiff's salesman, White, came to defendants' store and solicited an order for a shipment of medicines.   Witness declined to place order, as he felt sure he could not sell the goods.   White then offered, if witness would place an order for certain medicines and they were not sold by the time they were to be paid for, to exchange staple

goods for them.   Witness declined the offer, and told White that a certain lodge, of which witness was a member, was then in session in Irwinville and waiting on him, and that he must hurry away to attend.   White then offered to "place these medicines with defendants to be paid for Oct. 1, 1901, if sold by that time, and that [they] could then settle their account by paying for such of the medicines as had been sold and delivering balance to plaintiff or its agent.   White urged witness to let him have said medicine shipped to defendants on these terms and conditions.   Witness consented to take the goods on those terms and conditions, and started in haste to leave the store to go to the lodge meeting.   White stopped witness and said: 'Here, sign this order before you go,' at the same time presenting the paper [above referred to] and leading witness to believe that it was only an order for the medicine upon the terms agreed upon.   In his haste witness did not take the paper in his own hands nor take time to read it, but, relying on White's representation as already stated, he hurriedly signed the paper and hurried away to the lodge meeting.   He had not the remotest idea that he was signing such a paper until very recently, since plaintiff has been trying to collect the account sued on.   He would certainly have not signed the paper if he had known or had any idea of what it really contained.   He signed it simply because he was fraudulently misled by White as to what it contained.   He could have read it in two or three minutes, but did not do so, because White had talked to him so in such a way as to gain his confidence, and because of the circumstances already recited."   Upon motion of plaintiff's counsel, this testimony of Hyman was ruled out, upon the ground that it "sought to contradict and vary the written contract by parol evidence."   There being no further evidence, the court found for the plaintiff.   The defendants sued out a writ of certiorari to the superior court, complaining of the extrusion of Hyman's evidence, and of the finding in favor of the plaintiff.   The judge of the superior court sustained the certiorari, and, in his order remanding the case, directed the county court "to admit the testimony of defendants in support of their contention of fraud on the part of plaintiff."   To this ruling the medicine company excepted.

It is obvious that the case turns on the admissibility of the evidence ruled out.   If this evidence made out no sufficient defense

and the judge of the county court was correct.in ruling it out, the verdict for the plaintiff was demanded, and it was error to sustain the certiorari. If, on the other hand, the evidence made out a defense and was admissible, then the certiorari should have been sustained. Hyman was a business man and was able to read. He signed the contract without knowing its contents, and the question is whether his ignorance proceeded from his own carelessness or from fraud on the part of plaintiff's salesman. An examination of Hyman's testimony will show that he was grossly negligent. Instead of treating the salesman as one with whom he should deal " at arm's length," he placed in him a confidence which can not as a rule be reposed in a party with whom a contract is made. He did more than this. He inferred that the written contract tendered him contained the terms upon which he had just agreed, and it does not appear that the agent misled him by any fraud or artifice. It is not at all clear that the salesman made any representation as to the contents of the paper. Indeed, from Hyman's testimony, we gather that the salesman simply asked him to sign the contract, and that Hyman, for reasons sufficient to himself but which would scarce have satisfied a man of any prudence, inferred that the paper contained the terms upon which he and the salesman had finally agreed. His only excuse for not verifying this inference by a perusal of the paper was that he was in a hurry to attend a lodge meeting. His haste was not brought about by anything said or done by the salesman. If Hyman did not have time to read the contract when he was asked to sign it, he should have postponed action and offered to sign it later and to give it to the salesman or mail it to the plaintiff. Instead, he carelessly signed it at once without ascertaining what it contained, and received and partially used the goods shipped under it by the plaintiff. Now, when the time for payment has arrived, he tries to escape liability by setting up his own gross carelessness. This he can not do. While this court has been quite liberal in sustaining defenses setting up fraud, it has never held that a party may escape liability because of ignorance of the contents of his contract, when that ignorance was due to his own negligence and not to any action or representation amounting to fraud on the part of the person with whom he was dealing. See *Walton Guano Co.* v. *Copelan*, 112 *Ga.* 319. The judge of the county court was therefore right in ruling that Hyman's evidence

was inadmissible, and the judge of the superior court erred in sustaining the certiorari.

*Judgment reversed. All the Justices concur.*