## HARRISON & GARRETT *v.* WILSON LUMBER CO.

1. The defendant in attachment may appear at any time before final judgment is rendered and make defense either by general or special demurrer or by answer.  The rule requiring demurrers to be filed at the first term does not apply in attachment cases.
2. One who executes a contract without reading it or knowing its contents is bound by its terms, unless he shows some justification for his ignorance, resulting from his inability to read, or from some misleading device or contrivance amounting to fraud on the part of the person with whom he was dealing.
3. A contract by which one of the parties undertakes to saw, at a given price and in a specified manner, all the timber which the other party shall furnish during a stated period, but which does not bind the other party to furnish any timber, is unilateral, and can not be made the foundation of a suit, by the party promising to do the sawing, for damages against the other party for his failure to furnish timber to be sawed.
4. If under such contract timber is actually furnished by one party and sawed by the other, an obligation arises on the part of the person furnishing the timber to pay for that actually sawed in accordance with the terms of the contract.
5. A petition setting forth such a contract, and alleging that defendant is indebted to plaintiff for sawing a specified quantity of lumber " under the contract," and that there is a stated sum due for such service, sets forth a cause of action, as against a general demurrer, even though the petition does not aver delivery and acceptance of the lumber, as the contract provides.

Argued November 2,—Decided November 14, 1903.

Attachment.    Before Judge Kimsey.    Dawson superior court. February 9, 1903.

*H. L. Patterson,* for plaintiff.

*A. J. Orme* and *Spencer R. Atkinson,* for defendant.

Cobb, J.   Harrison & Garrett brought suit by attachment against the Wilson Lumber Company, a foreign corporation.    The declaration in attachment alleged, in substance, that plaintiffs and defendant entered into a contract of which the following is a copy: " This agreement, made in triplicate and entered into this February 13th, 1902, between Harrison & Garrett, of Forsyth County, Ga., parties of the first part, and the Wilson Lumber Co., Ltd., of Toronto, Ontario, parties of the second part, witnesseth, that said Harrison & Garrett agree to furnish a sawmill and cut to the order of the Wilson Lumber Co., and to edge and trim in a good workmanlike manner as called for by the lumber market, such logs to be furnished to said mill desirable to said Wilson Lumber Co., at different places in Dawson County, also Pickens County, Ga., such places to be selected ; for which parties of the first part are to receive for such services $2.50 per thousand feet board measure, payable from the first to the tenth of each month for all lumber so sawn and accepted by the Wilson Lumber Co.  All lumber improperly and badly manufactured by the parties of the first part to be at their loss.    Said lumber to be run out on trucks by the parties of the first part, at no extra expense to the Wilson Lumber Co., when the amount of such cut is 30,000 feet or more, to yard for sticking same.    This contract to be and remain in full force and effect until such timber as will have been bought by the parties of the second part is cut, unless mutually agreed upon by both parties hereto."    The signature of each of the parties is attached.    Before and at the time of entering into the contract the plaintiffs were informed by the Lumber  Company that it had bought the timber on a large tract of land, and stated that the sawing of this timber would give plaintiffs a year's employment. One of the plaintiffs, at the solicitation of the defendant, visited the timbered lands, and was assured by defendant that a sufficient quantity of timber would be supplied to cut many thousands of feet of lumber.    Before and at the time and after the execution of the contract, and before plaintiffs had commenced to saw, they were assured by defendant that their mill would be supplied and kept

busy until the contract was completed.    Plaintiffs went to large expense in preparing to carry out their part of the contract, moving their mill and machinery a distance of several miles.    Defendant utterly failed to carry out its part of the contract, and plaintiffs suffered great loss by reason of such failure.    Defendant furnished timber, under the contract, from which 75,678 feet of lumber was sawed, and defendant is indebted to plaintiffs for sawing this lumber at the contract price.    Having failed to furnish any more timber, plaintiffs were forced to abandon the contract and move their mill and machinery from the place where they had been located.    The items of expense to which plaintiffs were put, and the amount claimed to be due by reason of the breach of contract by the defendant, are set forth.    The court refused to allow an amendment to the petition, and dismissed the case on demurrer. To both of these rulings the plaintiffs excepted.

1. Objection was made to the court's entertaining demurrers to the petition at the second term.    There was no merit in this objection.    The statute distinctly provides that the defendant in attachment cases may appear and make his defense at any time before final judgment is rendered against him.    Civil Code, § 4558.    See also *Hodges* v. *Smith*, 118 *Ga.* 789.

2. The 6th paragraph of the petition was as follows :    " Before and at the time and after the execution of said contract, and before petitioners had commenced to saw, they were assured by the defendants that the mill should be kept busy, and that their yards should be supplied with logs sufficient to keep the mill supplied and running until said contract should be completed."    The plaintiffs offered an amendment, adding the following to this paragraph : " Which was then and there intended by both parties to said contract to be a part thereof, and so entered and stipulated in the writing; but which stipulation was omitted or left out of said writing either by the fraud of the defendants or an oversight on their part and the part of plaintiffs, defendants having drawn the contract themselves and brought same to plaintiff to sign at a time when he was busy, and being assured by the defendants that the writing contained the full contract between the parties.    Plaintiffs, trusting to said assurances, signed said contract, believing and intending that such stipulation was contained therein."    The court refused to allow this amendment.    There was no prayer for a re-

scission or reformation. The amendment sought to add by parol a new term to the written contract, and this is not allowable. The averment that the defendant brought the contract to plaintiff " at a time when he was busy," and that he was assured by the defendant that the writing contained the contract as agreed upon by the parties, was not sufficient to authorize the introduction of parol evidence varying the terms of the writing. There was no error in refusing to allow the amendment. See, in this connection, *Boynton* v. *McDaniel*, 97 *Ga*. 400 ; *Jossey* v. *Railway Co.*, 109 *Ga*. 446 ; *Walton Guano Co.* v. *Copelan*, 112 *Ga*. 319 ; *Georgia Medicine Co.* v. *Hyman*, 117 *Ga*. 851.

3. The demurrer raised the point that so much of the petition as sought to recover damages for a failure on the part of the defendant to furnish timber to the plaintiffs set forth no cause of action, for the reason that the contract was unilateral and wanting in mutuality, and did not bind the defendant to furnish any timber. An examination of the contract shows that this contention was well founded. The contract was plainly unilateral in its nature. See *Morrow* v. *Southern Express Co.*, 101 *Ga*. 810, and cit.; *McCaw Mfg. Co.* v. *Felder*, 115 *Ga*. 408 ; Dennis *v.* Slyfield, 117 Fed. 474.

4, 5. After having stricken from the petition all of the averments relating to the failure of the defendant to furnish timber, the court sustained a general demurrer to the remaining portions of the petition. Among the latter was the twelfth paragraph, which was as follows : "Defendants are indebted to petitioners for sawing 75,678 feet of lumber under said contract, amounting to $189.19, of which amount the defendants have only paid the sum of $97.59, leaving a balance due petitioners for sawing, $91.60." As against a general demurrer, this paragraph set forth a cause of action for work actually performed under the contract. It is argued that inasmuch as the contract provides that no obligation to pay for lumber sawed shall arise until after the lumber has been accepted by the defendant, the paragraph was fatally defective, because it failed to allege an acceptance. We are of opinion, however, that as against a general demurrer an averment that the work was done *under the contract* presupposes that the terms of the contract were complied with. The court erred in striking the allegations which sought to recover for timber actually sawed.

It was claimed that the plaintiffs could not join in the same petition a claim for damages for a breach of the contract and a claim for work done under the contract; and a special demurrer making this objection was filed.    There was no merit in this demurrer.    It is permissible to join in one petition all causes of action ex contractu against the same defendant.    It is in rare instances where an objection for duplicity can be raised to a pleading in Georgia.    Let the case be tried on the cause of action set forth in the twelfth paragraph of the petition.

*Judgment affirmed in part, and in part reversed.    All the Justices concur.*