## STODDARD MANUFACTURING COMPANY *v.* ADAMS.

In an action upon a contract for the purchase of goods, a plea is demurrable which alleges that the contract contained an item which the defendant did not order; that he signed the contract without reading it, relying on the statement of the plaintiff's agent, in whose veracity and honesty he had confidence on account of a long course of previous dealings, that the contract contained only the items agreed on; that he signed the contract at a time when he was busy; and that it was contained in a booklet covering ten or twelve printed pages.

Argued April 13,—Decided May 11, 1905.

Appeal. Before Judge Holden. Elbert superior court. September 13, 1904.

The action was on an account for the value of a disc drill. The defendant filed a plea which contained substantially the following allegations: The contract or order for the drill was obtained from him by the fraud and misrepresentations of the plaintiff's agent, Dix. The contract was in the form of a booklet containing several pages of printed matter, as well as blank spaces for the description of the goods. Dix came to the defendant's place of business, and solicited an order for certain goods. They agreed upon the articles which the defendant should purchase, and Dix took the order blank to fill it out, while the defendant, being busy, went to work in his blacksmith shop. After some time, the defendant went into the office where Dix was, and asked him if he had filled out the contract according to their previous agreement as to the items, and Dix assured the defendant that the order contained only the items and articles previously agreed on. The defendant had confidence in the agent's honesty and veracity, having dealt with him for a number of years, and because of this confidence and of the fact that the contract covered ten or twelve pages of printed matter he did not read it, but relied on the agent's statements. The defendant did not agree to buy the disc drill, and the order for it was inserted in the contract by the fraud of the agent. The plaintiff moved to strike this plea, on the ground that it set forth no valid defense. This motion was overruled. After the introduction of evidence the court directed a verdict in favor of the defendant. The plaintiff excepted to these rulings.

*Z. B. Rogers,* for plaintiff. *C. P. Harris,* for defendant.

COBB, J. It is settled by numerous decisions of this court that where one signs a contract without reading it, he is bound by its terms, unless he shows that he could not read, and was for this reason imposed upon, or that the contract was signed under some emergency which excused the failure to read, or that the failure to read was brought about by some fraud or misleading device of the other party. *Walton Guano Co.* v. *Copelan,* 112 *Ga.* 319 ; *McDonald* v. *Bluthenthal,* 117 *Ga.* 120 ; *Ga. Medicine Co.* v. *Hyman,* 117 *Ga.* 851; *So. Bell Tel. Co.* v. *Harris,* 117 *Ga.* 1001, 1004 ; *Sumner* v. *Sumner,* 121 *Ga.* 9. The fact that the defendant was "busy" did not create an emergency ; nor will the fact that the other party expressly stated that the contract was as claimed by the party seeking to avoid it be a good defense to an action on the contract. Both of these points were involved in *Harrison* v. *Wilson Lumber Company,* 119 *Ga.* 6 (2). There it was alleged that the defendants drew the contract themselves, brought it to the plaintiff to sign at a time when he was busy, and assured him that the writing contained the full contract agreed on. It was held not error to refuse to allow an amendment setting up these facts. General allegations of fraud are never sufficient. The specific facts relied on in the present case to constitute the fraud were insufficient. A party who can read must read, or show a legal excuse for not doing so. Fraud which would relieve a party who can read must be fraud which prevents him from reading. The only new feature about the present case is the allegation that the contract was in the form of a booklet covering ten or twelve pages, which would take some time to read. If in any case the length of the contract would justify a failure to read, it was no defense in this case. Here the only matter in controversy was the articles bought. These were written with a pen or pencil in blanks in the contract, and could readily have been turned to and verified. The ruling in *Brooks* v. *Matthews,* 78 *Ga.* 739, will not be extended beyond its peculiar facts. The court erred in refusing to strike the plea.

*Judgment reversed. All the Justices concur, except Candler, J., absent.*