*Peter W. Meldrim* and *Paul E. Seabrook,* for defendant.

---

### MORGAN *v.* COBB.

The court erred in refusing, on the plaintiff's motion, to strike the only plea which sought to set up a defense to the action.

FEBRUARY 14, 1912.

Complaint. Before Judge Meadow. Hart superior court. December 20, 1910.

W. S. Morgan brought an action against Mattie C. Cobb on four promissory notes aggregating $346 principal. The defendant, in

her answer, admitted that she had executed and delivered the notes to the plaintiff, and that he was the owner of the same and had the right to sue thereon. By way of special plea she set up the following: "For further plea and answer this defendant says that she was induced to sign said notes by the false statements and representations and fraudulent acts of the plaintiff, as will appear from the following statement of facts: Some years ago, previous to the time said notes were signed, defendant bought a small tract of land in said county, containing twenty acres, from J. A. Cook, and paid for the same, said land being a portion of a tract containing 100 acres, more or less, which the said J. A. Cook had purchased from J. N. Edwards, and on which entire tract of land the said J. A. Cook owed said Edwards a balance of the purchase-money, amounting to three hundred and forty-six dollars, including interest up to January 15, 1904, which said sum this said defendant desired to borrow with which to pay said indebtedness as an accommodation to the said J. A. Cook, she, the said defendant, to have titles to said entire tract of land made to her to secure her for said money which she desired to advance on said land. On January 14, 1904, plaintiff came to the home of this defendant, and, voluntarily and unsolicited, proposed to loan her the said sum of money at the rate of 8 per cent. per annum, which he claimed to be doing only as an accommodation to this defendant. Defendant at first declined his offer of a loan, but plaintiff insisted, and told defendant that he would give her papers, or bond for title to the entire tract of land containing one hundred acres, more or less, to make her safe, and secure her against loss on account of advancing said money, and promised defendant that he would have H. H. Chandler, defendant's attorney, to prepare all papers pertaining to said transaction. Defendant then believed all of said statements and representations made by said plaintiff to be true, and acted upon the same, and finally agreed to borrow said sum of money from plaintiff, believing that he, the said W. S. Morgan, would comply with all of his said promises. The said Morgan then informed this defendant that it would be necessary for her to sign a paper to get said money, and pretended to be in a great hurry, and insisted that defendant sign said paper as quickly as possible, which she did, not knowing at the time the contents of same, she being unable at that time to read said paper; since which time this

defendant has been advised and now believes that the paper to which her signature was thus obtained was a transfer, to the said W. S. Morgan, of all her rights, title, and interest in and to her own land on which she then lived and for which she had paid in full. Afterwards, on January 15, 1904, R. W. Eaves, acting as agent for said W. S. Morgan, came to the house of the defendant and informed her that the said Morgan wanted her to sign notes for said sum of money, which she at first refused to do until she had received a bond for title, as per her agreement with said Morgan, to which the said Eaves replied that if she would sign said notes she could then get the bond for title as promised her by said Morgan. Defendant, still believing that said Morgan would comply with his said promises and that he was acting in good faith, signed said notes, same being the notes sued on in this case. The said Morgan failed and refused to comply with his said promise to give defendant bond for title as agreed, but gave her a bond for title to her own land, containing twenty acres, on which he, the said Morgan, had no claim whatever, except such as were obtained in the fraudulent manner aforesaid. The said Morgan willfully deceived this defendant, in that he promised to have H. H. Chandler, the attorney at law of this defendant, and in whom she had confidence, to prepare all the papers pertaining to said transaction, which he failed to do, but on the contrary took especial pains to prevent the said H. H. Chandler from knowing anything whatever about the transaction, and did, on the day following that on which said notes were signed, leave this State, and remove to New Mexico, or to some other western territory or State. This defendant procured no funds whatever from said plaintiff, but the said Morgan did pay to W. N. Edwards, one of the executors of the estate of J. N. Edwards, deceased, the sum of $346, and claimed to have received from said Edwards titles to said entire tract of land, including the land of this defendant. As soon as defendant learned and ascertained the contents of the bond for title, which the said Morgan had given her, she immediately demanded a rescission of the entire contract, tendered him all the money which he had paid out on said land, and demanded of him titles to same, as he agreed to do, all of which he refused, and still refuses to do. Defendant says, that all of said notes were procured by the fraudulent acts and false statements and representations made as aforesaid by the said

Morgan; that all of said statements upon which this defendant acted in signing said notes, which she then believed to be true, were false, and known to said Morgan to be false at the time the same were made, and were fraudulently made for the purpose of cheating, swindling, and defrauding this defendant out of the sum of $346; that the acts and statements made as aforesaid by the said Morgan amount to legal fraud, and that said notes are therefore void, all of said notes having been executed by this defendant without any consideration whatever. Defendant therefore asks that she be discharged with cost of suit."

On the trial the plaintiff moved to strike this plea, on the ground that it did not set forth any legal defense to the action, which motion the court overruled. The plaintiff excepted to this ruling, and, after verdict in favor of the defendant, to the overruling of a motion for a new trial.

*A. G. & Julian McCurry,* for plaintiff.

*James H. Skellon,* for defendant.

FISH, C. J. (After stating the facts.) In our opinion the court erred in refusing to strike the plea, which should be construed more strongly against the defendant. The averment in the plea that the plaintiff fraudulently induced the defendant to give him a bond for title to the twenty acres of land which she had purchased from Cook was not a sufficient allegation to constitute fraud practiced by the plaintiff upon the defendant. The averment in the plea was, that the plaintiff "informed this defendant that it would be necessary for her to sign a paper to get the money, and pretended to be in a great hurry and insisted that defendant sign said paper as quickly as possible, which she did, not knowing at the time the contents of same, she being unable at that time to read said paper; since which time this defendant has been advised and now believes that the paper to which her signature was thus obtained was a transfer, to the said W. S. Morgan, of all her rights, title, and interest in and to her own land on which she then lived and for which she had paid in full." There is no averment that the plaintiff misrepresented to the defendant the character or the contents of the paper which she was then requested to sign, or that the plaintiff knew that the defendant believed the paper to be one other than it really was. Even if for any reason the defend-

ant could not then read the paper, it does not appear that she inquired of the plaintiff what the contents of the paper were.

It does not appear from the plea that, before the transaction about which the notes were given, the plaintiff had any interest whatever in the balance of the land purchased by Cook from Edwards. Under the allegations of the plea, the title to such balance was either in Edwards, or, if he were dead, in his estate, or in Cook if a conveyance had been made to him by Edwards or his executor. The plea therefore fails to show that the plaintiff, Morgan, could execute a valid bond for title or conveyance covering the balance of the land to the defendant; and it not appearing that the plaintiff had any authority so to do, his failure to give the defendant a bond for title to the balance of the land, or to convey the same to her, would not be a valid defense to the action on the notes. It appears from the plea that the plaintiff loaned the defendant the sum of $346, for which she gave him the notes sued on, which loan, as the plea shows, went to the payment of the balance of the purchase-money for the whole 100 acres of land which Cook had purchased from Edwards, and there is no reason set up in the plea why the plaintiff, who was the lender of the money to the defendant, should have given her security, or an obligation to repay the same to her. Indeed there is nothing in the plea indicating that the $346 was to be repaid to the defendant by the plaintiff, or by Cook, or any one else; but it does appear that she was paying it for Cook's accommodation, though he was no party to the contract between the plaintiff and defendant.

As the plea should have been stricken, the subsequent trial on the issue sought to be made by the plea was nugatory, and it is therefore unnecessary to pass upon the grounds of the motion for a new trial.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*