### 6347. GIBBS *v.* FOURTH NATIONAL BANK OF MACON, GA.

RUSSELL, C. J. So much of the defendant's answer as attempted to set up fraud in the procurement of the note which was the basis of the suit presented no defense, and the amendment containing an amplification of this contention should have been rejected. However, inasmuch as the actual consideration for the note was not stated therein, its only recital as to consideration being the general phrase "for value received," it was within the power of the defendant to set up and prove the true consideration, and failure of the consideration; and the defendant's answer, in so far as it attempted to set up a failure of consideration (though perhaps subject to special demurrer), was not so fatally defective as to be subject to an oral motion to dismiss. Where the consideration of a contract is not integrated in the instrument, the real consideration is always a proper subject-matter of inquiry, and proof of such consideration does not conflict with the rule which prohibits that a written contract be altered or varied by parol. *Pryor* v. *Ludden*, 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267). The court therefore erred in striking so much of the defendant's answer as attempted to set up a failure of the consideration, and in rendering judgment for the plaintiff.

*Judgment reversed. Broyles, J., dissents.*

DECIDED DECEMBER 3, 1915.

Complaint; from city court of Tifton—Judge Eve. January 13, 1915.

The Fourth National Bank of Macon sued W. E. Gibbs as principal and A. V. Mozingos as indorser on a promissory note of Gibbs for $143.80 principal. The court, on oral motion of the plaintiff, struck the answer of Gibbs, on the ground that no valid defense

was set forth therein, and rendered judgment for the plaintiff. Gibbs excepted.

The answer contained the following averments: "The defendant says that the consideration for which the note herein sued upon was in payment of a life-insurance policy premium on a life policy on this defendant for the sum of $10,000 in the Citizens National Life Insurance Company, and that the consideration for which said note was given has entirely failed, in this, to wit: for that one A. V. Mozingos, the codefendant in this case, who was acting as agent for said Citizens National Life Insurance Company and in charge of said life-insurance company's business in Tift county, solicited the application of this defendant for life-insurance policy heretofore described, and was told by this defendant that he would make application for this insurance and have policy and sign note for the premium upon one condition only,—that he, the said Mozingos, would procure for this defendant a loan of $10,000 from the Citizens National Life Insurance Company on a certain farm in Berrien county, containing 507 acres; that he, the said Mozingos, promised this defendant that he would procure said loan of $10,000 from the Citizens National Life Insurance Company, that they had plenty of money to loan on just such property, and would make this loan to this defendant, that he, the said Mozingos, had authority and was authorized to make this promise for a loan on this property for the Citizens National Life Insurance Company, that he would get this loan for this defendant from the said life-insurance company not later than October 15th, 1914, that if he did not procure this loan from the life-insurance company, he, this defendant, would not have to pay one cent on the note herein sued upon; that this defendant repeatedly went to the said Mozingos to get him to get up the loan promised, prior to the time said note became due, and he, the said Mozingos, kept promising to attend to getting said loan as promised when this defendant signed said note, but never did make any attempt, so far as this defendant can learn, to get the loan as so promised; that it was the distinct understanding that if the said Mozingos did not get the loan as promised, this defendant would not have to pay one cent on the note herein sued upon, and the said note would be null and void; that said note herein sued upon remained in the hands of the Bank of Tifton until after it became due, and the next thing this defendant knew

he was being sued by the present plaintiff, the Fourth National Bank of Macon, Ga., which holds said note for collection after it became due, and subject to the defense herein set forth; that the said Mozingos, this defendant is reliably informed, has moved off to the State of Kentucky and is insolvent, having disposed of what visible property he had before going to Kentucky; that the whole transaction was a fraud perpetrated on this defendant to get him to make application for the life-insurance policy and sign the note herein sued upon." By amendment it was alleged, "that the plaintiff in this case is not a bona fide holder of said note herein sued upon, for value, before maturity; that it was the intention of A. V. Mozingos, the agent of said life-insurance company, and this defendant to incorporate the agreement for loan heretofore set forth as a consideration, in the note sued upon; that this defendant signed said note in great haste, the said Mozingos running out to him, at his automobile in the street, and asking him to sign said note, that it was according to their agreement, and this defendant, relying absolutely on the truth of said statement of the said Mozingos as to the contents of said note, signed same without stopping to read it; that this defendant had until October 15th, 1914, the date said note became due, to tender said policy back to the said A. V. Mozingos, should he not procure the loan aforesaid, and receive his note back, herein sued upon, without any cost to this defendant whatever; that when October 15th, 1914, the time for this defendant to tender said policy back to the said Mozingos (he, the said Mozingos, not having procured said loan agreed upon), he, the said Mozingos had moved to the State of Kentucky and this defendant did not know his address; that, by reason of these facts, the signature of this defendant was procured to said note sued upon by fraud and deceit of the said Mozingos and without a full knowledge of what said note contained, and that this defendant says he is now ready and willing and hereby tenders said life-insurance contract into court."

*J. H. Price,* for plaintiff in error.

*H. S. Murray,* contra.

BROYLES, J., dissenting. Parol evidence is inadmissible to add to, take from, or vary the terms of a written contract. Civil Code, § 4268. Negligence in failing to read a written contract and in relying upon representations of the other party to the contract bars

the defense of fraud. *Shedden* v. *Heard,* 110 *Ga.* 461 (2), 465 (35 S. E. 707) ; *Walton Guano Co.* v. *Copelan,* 112 *Ga.* 319 (37 S. E. 411, 52 L. R. A. 268) ; *McDonald* v. *Bluthenthal,* 117 *Ga.* 120 (43 S. E. 422) ; *Georgia Medicine Co.* v. *Hyman,* 117 *Ga.* 851 (45 S. E. 238) ; *Southern Bell Telephone Co.* v. *Harris,* 117 *Ga.* 1001 (44 S. E. 885) ; *Harrison* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (2), 8 (45 S. E. 730) ; *Sumner* v. *Sumner,* 121 *Ga.* 9 (48 S. E. 727) ; *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915). General allegations of fraud are never sufficient, and in the instant case the specific facts relied upon to constitute the alleged fraud were insufficient. The cases of *Chapman* v. *Atlanta Guano Co.,* 91 *Ga.* 821 (18 S. E. 41), and *Hansford* v. *Freeman,* 99 *Ga.* 376 (27 S. E. 706), relied on by the plaintiff in error, are distinguished by their particular facts from the case at bar. In my judgment, the court did not err in striking the plea as amended, as setting up no legal or valid defense to the plain, unambiguous note which was the subject-matter of this suit.