## 8080.   SLOAN v. FARMERS AND MERCHANTS BANK.

No substantial defense being set up in the defendant's plea, there was no error in striking it on oral motion at the trial term. "An oral motion to strike a plea can be made at any time before the verdict, if the motion is in the nature of a general demurrer."

(a) "A party who can read must read, or show a legal excuse for not doing so. Fraud which would relieve a party who can read must be fraud which prevents him from reading."

(b) When a purchaser of real estate is not prevented by fraud on the part of the seller from inspecting it, and fails to exercise diligence in inspecting it, a plea of failure of consideration on account of its physical condition or environment will not be entertained.

DECIDED JUNE 7, 1917.

Complaint; from Hall superior court—Judge J. B. Jones. July 31, 1916.

Suit was brought by the Farmers & Merchants Bank on a promissory note payable to "the order of myself" and signed and indorsed "W. W. Sloan;" the petition alleging that the plaintiff was the legal holder of the note, and that it had not been paid. In his plea the defendant admitted the execution of the note, that the copy attached to the petition was correct, and that the plaintiff was the legal holder of the note, but denied that the plaintiff was a bona fide purchaser, for value, of the note before it became due, and denied all indebtedness thereon. The defendant further pleaded as follows:

"1.   That J. T. Terrell and T. J. Sandridge came to defendant's home and stated that they wanted to sell defendant a city lot in Atlanta, Georgia; that defendant told said Terrell and said Sandridge that he did not care to buy any property in Atlanta, and that he would not buy such property without first examining the same. Sandridge and Terrell stated to defendant that all they wanted was for him to sign an agreement to go to Atlanta to examine the property, and that they (the said Sandridge and Terrell) would carry him to Atlanta, and that if he liked the property they could close the trade. Under these circumstances and by virtue of these representations, which were false and fraudulent, this defendant signed the note. Defendant would not have signed said note except for the fraud and deception which was thus practiced upon him, and he is not liable for said note.

"2.   Defendant shows that the purported note sued upon represents the purchase price of a certain lot which said Terrell and

Sandridge was to sell him in Atlanta, Georgia, and that said note has totally failed of consideration; that said Sandridge and Terrell represented to defendant that the said lot was located within three miles of the Union car-shed in the city of Atlanta, and was located within the incorporated limits of the city, and that a contract was already let for the building of a street-car line that would run in front of said lot and was to be finished by January 1, 1915, and that the property was worth the price asked; whereas in truth and in fact said lot is not located within the incorporated limits of the city of Atlanta, but is outside of said city limits, a distance of more than six miles from said Union station, according to defendant's information, in a sparsely settled section, and the property surrounding the same is not improved, and the lot is located in an old field and having very little value for a resident lot, and for the uses intended [he] would not build upon it. Defendant further shows therefore that said note has failed entirely of consideration.

"3. Defendant further shows that said Farmers & Merchants Bank took said note with notice of the defense which this defendant had against the same, with notice that said note was obtained through fraud and deception practiced upon this defendant. Defendant further shows that said Farmers & Merchants Bank is not an innocent purchaser for value before due, but took the same subject to all the equities existing between the defendant and the original taker of said notes."

At the trial term, on motion of the plaintiff's attorney, the court struck the plea and directed a verdict for the plaintiff. To this the defendant excepted.

*C. N. Davie, B. P. Gaillard Jr.*, for plaintiff in error.

*W. A. Charters, W. M. Johnson, W. B. Sloan, R. B. Russell*, contra.

BLOODWORTH, J. Granting that the third paragraph of the plea was sufficient to withstand a general demurrer, and that the plaintiff was not a bona fide purchaser for value of the note sued on, the striking of this paragraph, along with the others, was harmless to the defendant; for, treating the case as though it was between the original parties to the note, no substantial defense was set up by the plea, and it was properly stricken. "An oral motion to strike a plea can be made at any time before the verdict, if the mo-

tion is in the nature of a general demurrer." *Blount* v. *Radford,* 16 *Ga. App.* 95 (2) (84 S. E. 591); *Cooney* v. *Sweat,* 133 *Ga.* 511 (2) (66 S. E. 257, 25 L. R. A. (N. S.) 758). Was the plea subject to general demurrer? Admitting everything in the plea as true, would the defendant be entitled to a verdict? We are certain he would not.

(*a*) Attention is called to the first subdivision of the plea and especially to the following sentence therein: "Sandridge and Terrell stated to defendant that all they wanted was for him to sign an agreement to go to Atlanta to examine the property, and that they (the said Sandridge and Terrell) would carry him to Atlanta, and that if he liked the property they could close the trade. Under these circumstances and by virtue of these representations, which were false and fraudulent, this defendant signed the note." This court has said: "Negligence in failing to read a written contract and in relying upon representations of the other party to the contract bars the defense of fraud." See *Gibbs* v. *Fourth National Bank,* 17 *Ga. App.* 388, 391 (87 S. E. 155), and cases cited. There is no allegation that the defendant can not read; and, as he appears to have signed the note, the presumption is that he can. The specific facts relied on in the instant case are not sufficient to constitute fraud. "Folly is not always fraud." "A party who can read must read, or show a legal excuse for not doing so. Fraud which would relieve a party who can read must be fraud which prevents him from reading." *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915). "One able to read, who executed a written contract without reading it, can not avoid liability thereon because he signed without knowing the contents of the contract, when his so doing was not induced by any action or representation amounting to fraud on the part of the person with whom he was dealing." *Georgia Medicine Co.* v. *Hyman,* 117 *Ga.* 851 (45 S. E. 238). "One who executes and delivers a promissory note without reading or knowing its contents can not avoid liability thereon because he acted ignorantly, without showing some justification of his ignorance, either by reason of his inability to read or by some misleading device or contrivance amounting to fraud on the part of the person with whom he was dealing." *Radcliffe* v. *Biles,* 94 *Ga.* 480 (20 S. E. 359); *Jossey* v. *Ga. S. & F. Ry. Co.,* 109 *Ga.* 439, 446 (34 S. E. 664); *Walton Guano Co.* v. *Copeland,* 112 *Ga.* 319

(37 S. E. 411, 52 L. R. A. 268) ; *Harrison* v. *Wilson Lumber Co.,* 119 *Ga.* 6, 9 (45 S. E. 730).

(*b*) The note sued on was a plain, unambiguous, and complete contract, and the effect of refusing to strike the plea would have been to vary by parol the express terms of the writing. In *Bank of Lavonia* v. *Bush,* 140 *Ga.* 594 (79 S. E. 459), it was said: "The objection urged to the admissibility of the testimony was that it was irrelevant and sought to vary the terms expressed in the note. The note was an unconditional promise to pay a specified sum for value received, and apparently expressed the entire agreement between the parties. The testimony would in effect engraft conditions upon it which would materially change the contract, and there was no pleading or evidence that the conditions thus sought to be engrafted were intended to be put in the note and were omitted therefrom through fraud or mistake. It was erroneous, therefore, to admit the evidence. *Smith* v. *Baker,* 137 *Ga.* 298 (72 S. E. 1093) ; *L. & N. R. Co.* v. *Willbanks,* 133 *Ga.* 15 (65 S. E. 86, 24 L. R. A. (N. S.) 374, 17 Ann. Cas. 860)."

In the case of *Forsyth Mfg. Co.* v. *Castlen,* 112 *Ga.* 199 (37 S. E. 485, 81 Am. St. R. 28), Castlen brought suit against the manufacturing company to recover the purchase price of 150 bales of lint cotton in good merchantable order. After delivering 100 bales of cotton, which he had raised on his farm, Castlen tendered to the manufacturing company other cotton, a portion of which was not raised by him on his plantation. The manufacturing company refused to accept the cotton, on the ground that it was not raised upon the land of Castlen, and sought to show by parol evidence that the contract was for 150 bales of cotton, which Castlen himself raised on his land. In the decision (p. 212) Justice Cobb said: "The contract between the parties evidenced by the writing calls for a certain number of bales of cotton of a certain description. It is clear that, so far as the terms of the contract are concerned, the parties did not intend that the plaintiff should be limited to cotton raised by him. It was a plain and unambiguous contract for the delivery of any cotton, answering to the description specified in the contract, which the plaintiff might see fit to offer to the defendant at the times specified in the contract. Such being the legal effect of the paper, parol evidence tending to show that the real contract was that the cotton was to be raised on the land of the

plaintiff contradicted and varied and altered the very terms of the written instrument. There being no patent ambiguity in the contract, of course parol evidence was not admissible on the ground that such an ambiguity might be explained. Evidence showing that it was the intention of the parties to make a contract whereby plaintiff should be confined to cotton raised on his own lands did not raise a latent ambiguity, but directly impeached an unambiguous instrument. If such evidence could be held to raise a latent ambiguity, then the rule prohibiting the introduction of parol evidence would be, in effect, abrogated. If such was the intention of the parties, and this was omitted from the contract by fraud, accident, or mistake, of course the defendant would have the right in a court of equity to reform the contract, but he can not in a court of law be allowed in this manner to contradict the terms of a plain, unambiguous paper by parol evidence."

See also *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954), s. c. 18 *Ga. App.* 179 (89 S. E. 79); *Cabaniss* v. *Dallas Land Co.,* 144 *Ga.* 511 (87 S. E. 653); *Smith* v. *Baker,* 137 *Ga.* 298 (72 S. E. 1093); *Morgan* v. *Cobb,* 137 *Ga.* 545 (73 *Ga.* 844); *Brack* v. *Brantley Co.,* 134 *Ga.* 495 (67 S. E. 1128); *Bullard* v. *Brewer,* 118 *Ga.* 918 (45 S. E. 711); *Johnson* v. *Cobb,* 100 *Ga.* 139 (28 S. E. 72); *Dendy* v. *Gamble,* 59 *Ga.* 434, 435; *Brannen* v. *Brannen,* 135 *Ga.* 590 (a, b) (69 S. E. 1079).

The defendant claimed that the parties who sold the land to him made certain false representations in reference to the physical condition of the property and its environment. If these representations were false, the defendant could have ascertained this fact by the exercise of ordinary diligence and by inspecting the property before signing the note. A purchaser can not close his eyes to defects in the thing purchased, so patent that by mere inspection he could ascertain their existence. It has frequently been held by the Supreme Court of our State that a purchaser of land could not defeat an action for the price thereof on the ground that he had been deceived by false representations regarding it by the seller, when it appeared that the purchaser had sufficient opportunity to examine the premises and was not deterred or prevented from so doing by the seller's fault, and yet failed to make the necessary examination. In the case of *Stone* v. *Moore,* 75 *Ga.* 565, the headnote is as follows: "Where to a suit on certain promissory notes

a plea was filed, alleging that the notes were given for the purchase-money of land, and that the consideration had wholly failed, because the vendor represented the land to be fertile, to have a spring on it, and to be covered with hickory wood, all of which was false, such plea was properly stricken on demurrer, there being no plea of damages in abatement of the purchase-money, and no offer to annul the contract, and it not appearing that the purchaser was deprived of the opportunity of inspecting the land for himself by the fraudulent acts or conduct of the vendor. Such things as the soil, timber, or springs on land are open to inspection, and the purchaser is wilfully negligent if he fails to look and see for himself, and neither law nor equity will relieve him from his own want of diligence." The headnote in the case of *Allen* v. *Gibson,* 53 *Ga.* 600, is as follows: "That a defendant paid too much for land is no defense to notes given for the purchase-money, where he had opportunity of examination, even though he acted upon the representations of the plaintiff and another." The first and second headnotes in the case of *Collier* v. *Harkness,* 26 *Ga.* 362 (71 Am. D. 216), are as follows: "[1] It is no ground for relief in a court of equity that the vendee of real estate has got worsted in the contract. He must have been defrauded, and that, too, after using reasonable precaution on his part to guard against imposition. [2] A contract for the sale of land will not be set aside by the mere false assertion of the vendor as to the productiveness of the property, especially where no rescission has been applied for." In *Tindall* v. *Harkinson,* 19 *Ga.* 448, our Supreme Court held: "A contract for the sale of land will not be vitiated by a mere false assertion of the vendor, as to the quality and value thereof, where the buyer has full opportunity of forming a correct judgment and is not prevented by the artifice of the seller from making the necessary examination; especially where the rescission is not applied for within a reasonable time after the injury is discovered."

It will thus be seen that the uniform holding of our Supreme Court is that, in the absence of fraud preventing the inspection of real estate, no plea of failure of consideration on account of its physical condition or environment will be entertained against a note given for the purchase-money of land, where the maker of the note fails to exercise diligence in inspecting the property. In the instant case there was no allegation in the plea that the defendant

was prevented by fraud from inspecting the premises; no allegation of any emergency calling upon the defendant to sign the note without inspecting the land; no allegation of any character which would excuse the negligence of the defendant in signing the note without first making an inspection; no allegation whatever of any confidential relationship between the sellers and the defendant, and no peculiar reason to induce him to accept the representations made to him by strangers, and no offer to amend when the plaintiff made the motion to strike the plea. The court therefore did not err in striking the plea, and the judgment must be

　　　　　*Affirmed. Broyles, P. J., and Jenkins, J., concur.*