### 8880. BARNES *et al. v.* SLATON DRUG COMPANY.

"One able to read, who executed a written contract without reading it, can not avoid liability thereon because he signed without knowing the contents of the contract, when his so doing was not induced by any action or representation amounting to fraud on the part of the person with whom he was dealing."

　　　　　DECIDED JANUARY 21, 1918.

Complaint; from Butts superior court—Judge Searcy. May 5, 1917.

*C. L. Redman,* for plaintiffs in error. *W. E. Watkins,* contra.

BLOODWORTH, J.　Slaton Drug Company sued E. L. and W. H. Barnes on a contract of guaranty. The only defense was that the signatures of the defendants were obtained by fraud and deception. The evidence of W. H. Barnes was in part as follows: "I met Mr. Cariker and Mr. Pruitt. W. T. Pruitt was right over on this side, and Mr. Cariker asked me, said 'I would like to get you to sign a paper for me.' I said, 'What sort of a paper?' and he said, 'I am going to take a job with Slaton Drug Company to sell medicine, and I would like to get you [to] sign for me to get me started.' I told him I was not able to sign any bond. I said, 'I have nothing, and I don't suppose they would have me on a paper of that kind.' Mr. Pruitt was right there, and Mr. Pruitt said 'Yes, that's all right,'—said, 'You sign it, and we will take you.' I said, 'Well, I have nothing. It would not be worth anything, and if my name will do you any good I will do it.' And he said, 'You sign it, and we will go out and get Lynn [E. L. Barnes?] to sign it.' I signed it as a recommendation for Cariker, and he said it would not amount to anything, that it was a mere matter of getting him started in business. He said I would never be bothered about it. He said it was all right. I signed when he said he was going to get Lynn to sign." E. L. Barnes testified in part as follows: "Pruitt came and handed me a paper and asked me to sign it, and I asked him to read it or wait until I went to the house and got my glasses. He said, 'No, no use of that,' it was only a recommendation and amounted to nothing, and I would not hear from it any more. That is all he did and all he said, except he refused to read it. I took it to be a recommendation. He said it was a recommendation and would not amount to anything, and I signed it. From where I was to my house was about as far as from here to the New York Store, something like 200 yards I guess." Cariker was the person for whom E. L. and W. H. Barnes became guarantors, and Pruitt was the representative of the plaintiff.

The court did not err in directing a verdict for the plaintiff. The specific facts relied on in this case are not sufficient to constitute fraud. "Negligence in failing to read a written contract and in relying upon representations of the other party to the contract bars the defense of fraud." See Gibbs v. Fourth National Bank, 17 Ga. App. 388, 390 (87 S. E. 155), and cases cited; Sloan v.

*Farmers and Merchants Bank,* 20 *Ga. App.* 123 (92 S. E. 893). In the case of *Hanes* v. *Farmers & Merchants Bank,* 20 *Ga. App*. 129 (92 S. E. 896), the defense was somewhat similar to that relied on in the instant case, and Judge Jenkins said: "The additional statement that the defendant did not have his spectacles with him, and therefore could not read at the time the notes were signed, is not sufficient, under the authorities cited in the other case [*Sloan* v. *Farmers & Merchants Bank,* supra], to alter the ,rule." The parties signing this contract may have been very indiscreet in doing so, but for this alone the law will not relieve them. "Folly is not always fraud." "A party who can read must read, or show legal excuse for not doing so. Fraud which would relieve a party who can read must be fraud which prevents him from reading." *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915). "One able to read, who executed a written contract without reading it, can not avoid liability thereon because he signed without knowing the contents of the contract, when his so doing was not induced by any action or representation amounting to fraud on the part of the person with whom he was dealing." *Georgia Medicine Co.* v. *Hyman,* 117 *Ga.* 851 (45 S. E. 238). "One who executes and delivers a promissory note without reading or knowing its contents can not avoid liability thereon because he acted ignorantly, without showing some justification for his ignorance, either by reason of his inability to read or by some misleading device or contrivance amounting to fraud on the part of the person with whom he was dealing." *Radcliffe* v. *Biles,* 94 *Ga*. 480 (20 S. E. 359); *Josey* v. *Ga. S. & F. Ry. Co.,* 109 *Ga.* 439, 446 (34 S. E. 664); *Walton Guano Co.* v. *Copelan,* 112 *Ga.* 319 (37 S. E. 411, 52 L. R. A. 268); *Harrison* v *Wilson Lumber Co.,* 119 *Ga.* 8, 9 (45 S. E. 730). The signing of the contract on the part of the defendants "was not induced by any action or representation amounting to fraud on the part of the person with whom they were dealing." See also *Tinsley* v. *Gullett Gin Co.,* ante, 512 (94 S. E. 892).

*Judgment affirmed. Broyles, P. J., and Harwell, J., concur.*