9813, 9814. TWYMAN *v.* AVERA LOAN AND INVESTMENT COMPANY; and *vice versa.*

BLOODWORTH, J. The following cases support the general proposition that "One who executes and delivers a promissory note without reading or knowing its contents can not avoid liability thereon because he acted ignorantly, without showing some justification for his ignorance, either by reason of his inability to read or by some misleading device or contrivance amounting to fraud on the part of the person with whom he was dealing." *Barnes* v. *Slaton Drug Co.,* 21 *Ga. App.* 580 (94 S. E. 896); *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (2), 516 (94 S. E. 892); *Levy* v. *Miles F. Bixler Co.,* 20 *Ga. App.* 766 (93 S. E. 233); *Sloan* v. *Farmers & Merchants Bank,* 20 *Ga. App.* 123 (*a*), 125 (92 S. E. 893); *Parker* v. *Parish,* 18 *Ga. App.* 258 (2) (89 S. E. 381); *Bostwick* v. *Duncan,* 60 *Ga.* 384; *Radcliffe* v. *Biles,* 94 *Ga.* 480 (20 S. E. 359); *Jossey* v. *Ga. So. &c. Ry. Co.,* 109 *Ga.* 439, 446 (34 S. E. 664); *Walton Guano Co.* v. *Copcland,* 112 *Ga.* 319 (1), 320 (37 S. E. 411, 52 L. R. A. 268); *Georgia Medicine Co.* v. *Hyman,* 117 *Ga.* 851 (45 S. E. 238); *Harrison* v. *Wilson Lumber Co.,* 119 *Ga.* 6 (2), 8 (45 S. E. 730); *Stoddard Mfg. Co.* v. *Adams,* 122 *Ga.* 802 (50 S. E. 915); *Rounsaville* v. *Leonard Mfg. Co.,* 127 *Ga.* 735 (2) (56 S. E. 1030); *Baker* v. *Patton,* 144 *Ga.* 502 (87 S. E. 659). Applying the rulings in these cases to the facts of the instant case, the court did not err in directing a verdict for the plaintiff.

*Judgment on main bill of exceptions affirmed; cross bill dismissed. Broyles, P. J., concurs. Stephens, J., not presiding.*

DECIDED DECEMBER 14, 1918. REHEARING DENIED FEBRUARY 11, 1919.

Complaint; from Twiggs superior court—Judge Kent. April 20, 1918.

*L. D. Moore,* for plaintiff in error.

*B. J. Fowler,* contra.

ON MOTION FOR REHEARING.

BLOODWORTH, J. The motion for rehearing in this case is based upon the ground that the court overlooked the following evidence

of the defendant: "He just handed me the deed and the other papers and said, 'Sign here, right here;' and I thought I was signing a receipt for the deed. . . He did not read to me this paper: I did not read the paper. Mr. Walker did not read it to me. I could not read it. No one read it to me." The court did not overlook the above-quoted evidence. It is a well-established principle of law that where the evidence of a party "bears two constructions, the one less favorable to his interest should be adopted." *Burkhalter* v. *Oliver,* 88 *Ga.* 473 (14 S. E. 704); *Baggett* v. *Trulock,* 77 *Ga.* 369 (3) (3 S. E. 162); *Southern Railway Co.* v. *Hobbs,* 121 *Ga.* 428 (49 S. E. 294); *Horne* v. *Peacock,* 122 *Ga.* 45 (2) (49 S. E. 722). In *Western & A. R. Co.* v. *Evans,* 96 *Ga.* 481 (23 S. E. 494), Justice Lumpkin said: "A party testifying in his own favor has no right to be intentionally or deliberately self-contradictory; and if he is so, the courts are fully justified in taking against him that version of his testimony which is most unfavorable to him. Being peculiarly in a position to state fairly and definitely the facts which he professes to know, he is under a duty of so stating them as to give a candid and intelligible account of what occurred. The courts are also authorized to give great weight to statements unwillingly made upon cross-examination, when these statements have every appearance of being the real truth, though reluctantly told." On cross-examination the defendant said: "I can write and read the English language. I can write some and read a little bit—nothing to amount to anything." In the evidence there is nothing to show that the defendant made any effort to read the note and found that he could not do so, or that at the time he signed it there existed any emergency which would excuse his failure to read, or that his failure to read was brought about by any "misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it." On the contrary, it clearly appears that he signed the note upon presentation, without apprising himself of its contents otherwise than by accepting statements with reference thereto made by the representative of the opposite party, and between whom and himself there existed no fiduciary or confidential relation. See *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (2) (94 S. E. 982), and other cases cited in the opinion in the instant case.

*Rehearing denied. Broyles, P. J., concurs. Stephens, J., not presiding.*