WYNN *v*. FIRST NATIONAL BANK OF NEWNAN.

PER CURIAM. 1. "A bill of exceptions will not be dismissed because in the assignment of error it is stated that the 'defendant excepted and now excepts,' etc., where from the whole bill of exceptions it is apparent that the word 'defendant' was inadvertently used for 'plaintiffs.'" *Thompson* v. *Simmons*, 139 *Ga*. 845 (3) (78 S. E. 419). Applying the principle just stated, the motion to dismiss the bill of exceptions is overruled.

2. A party to a contract who can read must read, or show a legal excuse for not doing so. Fraud which would relieve a party who could read must be such as prevents him from reading. *Stoddard Mfg. Co.* v. *Adams*, 122 *Ga*. 802 (50 S. E. 915); *Walton Guano Co.* v. *Copelan*, 112

*Ga.* 319 (37 S. E. 411, 52 L. R. A. 268); *Georgia Medicine Co.* v. *Hyman*, 117 *Ga.* 851 (45 S. E. 238); *Hawkins* v. *Adams*, 44 *Ga. App.* 378 (161 S. E. 639); *Rounsaville* v. *Leonard Mfg. Co.*, 127 *Ga.* 735 (2) (56 S. E. 1030); *Daniel* v. *Drummond*, 44 *Ga. App.* 357 (161 S. E. 670).

3. "Parol negotiations eventuating in an unambiguous written contract are merged in the writing, and are ineffectual to vary or contradict the writing." *Capps* v. *Edwards*, 130 *Ga.* 146 (3) (60 S. E. 455).

4. Where it is not alleged in the petition that the plaintiff could not read, and no fraud is shown to have been practiced which excused plaintiff from reading the instrument which she signed, that instrument being a deed of conveyance absolute upon its face, and accompanied with possession of the property, such deed can not be shown by parol evidence to be merely a security deed; nor is the plaintiff entitled to have the deed in question treated as a mortgage or security deed, so as to recover a judgment for the sums which she seeks to recover in this case. Civil Code (1910), § 3258.

5. It follows that on the facts alleged in the petition the plaintiff is not entitled to the relief sought; and the court did not err in sustaining a general demurrer. *Judgment affirmed. All the Justices concur.*

HILL, J., concurs in the judgment.

No. 8978. JANUARY 12, 1933.

*S. Holderness* and *W. Y. Atkinson,* for plaintiff.
*Hall & Jones,* for defendant.