## 29273. SOUTHERN STAGES INC. *et al. v.* FULLINGTON.

BROYLES, C. J. 1. "A party who can read must read, or show a legal excuse for not doing so. Fraud which would relieve a party who can read must be a fraud which prevents him from reading." *Sloan v. Farmers & Merchants Bank,* 20 *Ga. App.* 123 (92 S. E. 893); *Wynn v. First National Bank,* 176 *Ga.* 218 (2) (167 S. E. 513); *Stoddard Mfg. Co. v. Adams,* 122 *Ga.* 802 (50 S. E. 915); *Walton Guano Co. v. Copelan,* 112 *Ga.* 319 (37 S. E. 411, 52 L. R. A. 268); *Gossett v. Wilder,* 46 *Ga. App.* 651, 653 (168 S. E. 903).

2. The evidence in the instant case demanded a finding that the plaintiff, who could read, signed, without reading it, a written contract in which she released, for a consideration of $5 paid to her, all her claims against the defendant for alleged personal injuries inflicted upon her by the defendant in an automobile collision; and that the alleged fraud of the defendant in inducing her to sign the release consisted of alleged false statements as to the contents of the release instrument, the defendant using no artifice or means of any kind whatever *to prevent her from reading* the paper, and no emergency existing to excuse her from not reading it. Applying the ruling set forth in the preceding headnote to the above-stated facts, the trial judge did not err in directing a verdict for the defendant; and the judge of the superior court erred in sustaining the plaintiff's certiorari. The cases cited in behalf of the defendant in error are distinguished by their facts from this case.

*Judgment reversed. MacIntyre and Gardner, JJ., concur.*

DECIDED FEBRUARY 27, 1942. REHEARING DENIED MARCH 25, 1942.

*Martin, Martin & Snow,* for plaintiffs in error.
*Edward F. Taylor,* contra.

ON MOTION FOR REHEARING.

BROYLES, C. J. In his motion for rehearing, counsel for the defendant in error alleges that the evidence shows that "Mrs. Fullington, at the time she signed the release-contract and accepted the check, could not read on account of her physical condition and so advised the defendant's agent, . . even if she had the mental capacity to understand the contract, which she did not under the evidence." While Mrs. Fullington did testify that "I could not write at that time, could not write a paper or anything at all, and I wasn't able to see how to sign my name," in the next breath, she swore that "he showed me where to sign . . and I signed those two papers right then . . I took the check that he had given me and laid it on the dresser . . and set that picture on it so that it would not blow away. . . I think that is my signature [on the release-contract]. I reckon that is also my signature on the back of the draft. I think I signed both of those papers at the same time. . . I was sitting on a chair or a cedar-chest." The undisputed testimony of Mrs. Fullington's niece, who lived with her, was, that when the witness got home on the night of the signing of the papers, Mrs. Fullington told her that the bus company had given her five dollars, and that she had put the check for that amount on the dresser and it was there to pay bills with. The next morning, witness found the check on the dresser and subsequently took it and paid bills with it. Mrs. Fullington told witness that she had endorsed the check. In view of the foregoing undisputed evidence, a finding was demanded that Mrs. Fullington, at the time she signed the release-contract and accepted the draft, was able to read and write, that she knew that the bus company was paying her the amount stated in the draft, and that she signed the release-contract without reading it, or asking that it be read to her, and that she was not of unsound mind when she signed the papers. The undisputed evidence further shows that the defendant's agent used no artifice or means of any kind *to prevent her from reading* the papers, and that no emergency existed to excuse her from reading them. The cases cited in behalf of movant are differentiated by their facts from this case.

*Rehearing denied. MacIntyre and Gardner, JJ., concur.*