1. Under proper construction the petition as amended alleges a fiduciary relation between the attorney and the plaintiffs. In such circumstances the allegations charged actual fraud in the procurement of the papers.
2. The allegations of the petition as amended do not call for operation of the principle that a grantor who voluntarily relinquishes possession of property described in a deed absolute on its face can not thereafter seek to have the same declared as a security deed only.
3. The allegations of the petition as amended charged the subsequent grantees with actual notice of the fraud, and consequently they did not occupy the position of innocent purchasers.
4. Under application of the foregoing principles the judge erred in dismissing the action on general demurrer.
5. The rulings in this case are not opposed to the decisions in Stoddard Manufacturing Co. v. Adams, 122 Ga. 802
(50 S.E. 915); Lewis v. Foy, 189 Ga. 596 (6 S.E.2d 788); Hutchinson v. King, 192 Ga. 402 (15 S.E.2d 523).
Judgment reversed. All the Justicesconcur.
 No. 14084. MAY 21, 1942.
Mrs. Jennie Dickert Poe and her two daughters instituted a *Page 889 
complaint for land against Thomas Smith, seeking to recover a described improved lot in the City of Vidalia. In three equitable amendments it was alleged in substance: A named attorney informed Mrs. Poe that he held several judgments, tax executions, and lien claims against her, and that he was going to "close her out." Mrs. Poe asked for time; and the attorney suggested that if she would employ him, he would obtain a loan sufficient to pay off all the claims. The attorney returned to Mrs. Poe's home on March 20, 1937, and exhibited an instrument, saying it was merely a "paper" to be signed in connection with the loan. At the time Mrs. Poe and her daughter Lillian were seriously ill, suffering from ptomaine poisoning, and in a state of temporary nervous breakdown. Neither of them was physically or mentally able to read the papers, which were signed under the emergency of the situation created by the attorney's demanding immediate action in order to save all their property from foreclosure. Petitioners relied implicitly upon their faith in their attorney, and under such circumstances signed what he described as a "tentative paper." Petitioners sent a similar paper to Atlanta and procured the signature of the other daughter, who did not know anything about the transaction. Later the attorney had petitioners to sign another paper which he stated was necessary to obtain the loan on the residential property, assuring them that all of the transactions were all right and both loans had been obtained as agreed, and that all liens would be settled in full. When Mrs. Poe advised the attorney that it was time to get a permanent loan, he assured her she need not worry about any of these matters. Subsequently Mrs. Poe received information that the attorney was attempting to sell the property to Thomas Smith, and learned that the papers she and her daughters signed were warranty deeds. Mrs. Poe immediately went to Smith and put him on notice of all the facts and circumstances. Smith accepted a deed with full knowledge and direct notice of the fraud perpetrated upon petitioners. Mrs. Poe also notified Darby Banking Company before such company accepted a security deed from Smith. Petitioners never at any time, since or before the execution of the deeds, voluntarily relinquished possession of the property to any one, and never placed the attorney or Smith in possession, or consented for either of them to take possession. The property, consisting of store buildings, was rented to tenants of petitioners *Page 890 
until the fall of 1937, the constructive possession remaining in petitioners. Sometime after Smith obtained his fraudulent deed in September, 1937, he took possession under his pretended claim, without any legal right, and has since over the protest of petitioners held the possession. The prayers were (a) that the attorney and Darby Banking Company be made parties defendant; (b) that the deeds from petitioners to the attorney, from the attorney to Smith, and from Smith to Darby Banking Company, be declared void and canceled; (c) that any money advanced by the attorney, over and above the moneys he received from other sources to pay valid liens, be ascertained and fixed as a lien against the property; (d) that the legal and equitable title in the property be decreed in petitioners; (e) for general relief. The exception is to a judgment sustaining a general demurrer and dismissing the case.